O’CONNELL, Justice.
Ronald Lee Willis petitioned this Court for writ of habeas corpus, maintaining that he was being illegally detained by the respondent pursuant to a conviction in July 1957 for the offenses of escape and of larceny of a truck. Petitioner alleged that at the time such offenses were committed and at the time he was arraigned and plead guilty to such charges he was a minor, never having been married, yet the State failed to comply with the provisions of Sec. 932.38, F.S.A. by notifying his parents of the charges against him. The writ issued, the respondent filed his return thereto, and petitioner filed his response to the return.
In December 1956 petitioner was convicted of breaking and entering an automobile with intent to commit a crime, and was sentenced to a three year term. On January 1, 1957 he was interviewed by the prison classification officer, to whom he related he was married to one Sherrie Willis, nee Harper, who resided at the same address as his mother. A written report of this interview was made, a copy being attached to the respondent’s return.
While serving sentence for the above mentioned offense at Apalachee Correctional Institution petitioner, on June 30, 1957, escaped from the custody of the respondent. Before his recapture he committed another offense, larceny of a truck. Upon being recaptured, he was charged with the offenses of escape and of larceny of a truck. At arraignment he plead guilty to both. He was sentenced to two terms of imprisonment of three years, such terms to run concurrently with each other and consecutively to the original sentence. All these events occurred while petitioner was 19 years old.
Respondent alleged that when petitioner was brought before the court for his arraignment on the above charges the court had before it his prison file.
*729 Respondent also maintains that the trial judge, while having no independent recollection of this particular case, states that it is his unvarying custom to ask all prisoners arraigned on charges of escape from Apa-lachee Correctional Institution whether they are of have been married; if a negative reply is received, it is then his unvarying custom to see that the provisions of the notice statute, Sec. 932.38, F.S.A., are complied with, giving the parent or guardian reasonable opportunity to come to the aid of the minor defendant. Respondent argues that in light of this unvarying custom, and of •the fact petitioner was arraigned, plead guilty, and was sentenced all on one day, the conclusion must be that petitioner represented to the trial judge that he was married.
The petitioner now asserts'that he was never married to Sherrie Harper and only listed her as his wife so that he could correspond with her while incarcerated. Respondent admits he has been unsuccessful in proving any marriage by petitioner.
While petitioner admits that he misrepresented his marital status to the prison officials, he denies that he did so to the trial judge. He states categorically that when he was arraigned the trial judge asked him ■only “Is your name Ronald Lee Willis, and how do you plead, guilty or not guilty.”
In opposition to this positive statement the respondent does not allege that the petitioner did misrepresent either his age or marital status to the trial court. He states •only that petitioner must have done so because it was the unvarying custom of the trial judge to inquire as to such matters and to send the notice if the facts so required. He admits that the trial judge has no recollection of what happened in this case.
While the respondent speaks of the unvarying custom of the trial judge in such matters, such customary conduct on the part ■of an individual is habit and not custom. •Custom is a practice which has by its universality and antiquity acquired the force and effect of law in a particular place or country, in respect to the subject matter to which it relates. On the other hand customary conduct of an individual which results in a tendency arising from frequent repetition is more properly legally described as habit than as custom. Such customary conduct may also be defined as usage.
In Jarrard v. Associates Discount Corporation, Fla.1957, 99 So.2d 272, 278, we pointed out that “in order to constitute proof of performance of an act on a specific occasion, it is not sufficient merely to prove the habit, practice or custom, but there must also be some proof that the practice was followed in the particular instance in issue, and the evidence should show performance of the practice by those charged with it.”
In this case there is no positive allegation that the trial judge’s habit was followed in this case. This is understandable since he has no recollection of the case and the minutes and records of the court are apparently silent on the question.
We must therefore conclude that the allegation of the habit of the trial judge that he customarily inquired into the age and marital status of those arraigned before him is not sufficient to overcome the positive allegations of the petitioner that on the occasion in question he did not do so. From this it follows that the petitioner cannot be held to have misrepresented his marital status to the trial judge.
The respondent alleges that on the day of arraignment on the charges here involved, petitioner “was taken, together with his prison file” before the trial judge. He does not allege that the trial judge relied upon the statements therein contained, which reflect that petitioner claimed to be married, in determining that it was not necessary to give the notice required by the statute.
Assuming for the purpose of this case that estoppel is applicable in cases such as this, the absence of an allegation that the trial judge, in determining that it was unnecessary to give the statutory notice, re *730 lied upon the false statements as to petitioner’s marital status found in the prison file makes estoppel inapplicable in this case.
In summary we are of the view that in this case the failure to give the statutory notice invalidates the judgments and sentences for the reasons that the petitioner was a minor; it has not been shown he was married; even if such doctrine be applicable to a case such as this the element of reliance essential to estoppel was not present; and that no circumstances were shown which would excuse the State from its failure to give the required notice.
The failure to give the notice required by Sec. 932.38, F.S.A. has become the cause of frequent petitions for writ of habeas corpus to this Court. It is also a cause of concern to trial courts. Yet the statute is not a new one, having been first adopted in 1911. No doubt the increase in number of crimes and offenses by minors is responsible for the new importance of the statute.
It is urged that each trial court consider adopting standardized procedures to be followed by it, and/or its executive officers, under which every minor will be first advised of the provisions of the statute and under which the notice required under the statute will be timely given in each case wherein an unmarried minor is charged with breach of the law. Such procedures should be used not only in those cases in which the accused is unquestionably a minor but also in all cases in which the age or marital status of the accused is in any manner doubtful. It is much easier and less expensive to give such notice in doubtful cases than it is to undergo the expense in time and money involved in retrying an accused, as will be the case here.
Further, as in this case, it is not infrequent that court minutes and records fail to reflect that the trial court on arraignment made inquiry into the age and marital status of a minor, after advising him of the beneficial provisions of Sec. 932.38, F.S.A., and fail to reflect that there has been compliance with the statute. Proper entries in the minutes and records of the court are of great value in proceedings such as this.
For the reasons above expressed the petitioner must be released from custody because of the invalidity of the judgments and sentences above discussed, but he shall be retained in custody by the respondent to be held by him and safely kept until further order of the appropriate court on the charges involved herein. If on retrial of such charges he shall again be convicted credit must be given him for the time already served under the conviction herein held to be invalid.
The original opinion of 17 March 1961 is withdrawn and this opinion is substituted for it.
THOMAS, C. J., and ROBERTS, DREW and THORNAL, JJ., concur.