138 So.2d 510 (1962)
John William VELLUCCI, Jr., Petitioner,
v.
H.G. COCHRAN, Jr., Director, Division of Corrections, Respondent.
No. 31341.
Supreme Court of Florida.
March 7, 1962.
John William Vellucci, Jr., petitioner, in pro. per.
Richard W. Ervin, Atty. Gen., and Bruce R. Jacob, Asst. Atty. Gen., for respondent.
O'CONNELL, Justice.
John William Vellucci, Jr., petitioned this Court for writ of habeas corpus pertaining to his detention under a sentence of imprisonment of from six months to ten years upon an adjudication of guilt of the offense of escape committed in Glades County, Florida on December 29, 1958.
Petitioner alleged that at the time he was charged with this offense and through the time of his adjudication of guilt and sentence therefor he was a minor and had *511 never been married. He alleged further that despite the mandate of Sec. 932.38 F.S.A. his parents were given no notice of the fact he had been charged with having committed the crime of escape.
We issued the writ. In his return respondent admits that petitioner was a minor at the time of the proceedings involved and that the notice required by Sec. 932.38 was not given. Respondent does not take issue with petitioner's allegation that he has never been married. Respondent's contention is that the state ought to be excused from compliance with the notice statute by reason of petitioner's lying about his age and respondent relies upon the allegations which follow to support this contention.
Respondent's counsel asserts that the Sheriff of Glades County told him on the telephone that when he apprehended petitioner and his accomplice he asked them their ages and remembers one of them stated he was over 21 years of age. Respondent admits that the accomplice was 22 at the time the offense was committed.
The state attorney who filed the charge against petitioner and who acted for the state at the arraignment of petitioner in the matter here involved wrote a letter to respondent's counsel stating that upon the arraigning of petitioner he had asked him his age, as he always did. He said that usually the sheriff, he, and then the judge all three asked this question. He stated the court minutes were silent on this matter and he concluded that the petitioner had "lied to us and the court," concealing the fact that he was under 21.
The trial judge upon inquiry by counsel for respondent concerning the subject proceedings replied by letter that he did not recall the particular incident but that "my practice has been to inquire as to the age of all of those appearing even though they may appear some few years older than the age of 21." He further stated that if there was any question in his mind as to the truthfulness of the answer, it was his practice to advise the accused that if he was not 21 his plea of guilty could not be accepted unless the accused's parents had been notified of the charge.
These allegations in the return are not sufficient to justify a conclusion that the state is entitled to be excused for its failure to give the notice required by the aforementioned statute.
There is no positive allegation that the petitioner misrepresented his age to the court, nor is there any showing that the court relied thereon in determining that it was unnecessary to give notice to the petitioner's parents, legal guardian or other person as required by the statute.
This case comes squarely within the purview of our recent decision in Willis v. Cochran, Fla. 1961, 131 So.2d 728.
We therefore conclude that the judgment and sentence for the offense of escape involved here is null and void and respondent has no lawful authority to hold petitioner pursuant thereto.
As in the usual case, we direct that the petitioner be released from detention under that void judgment and sentence but be retained in custody pending further proceedings on the information which led to the judgment and sentence there involved. The state should proceed to expeditiously retry petitioner for the crime of escape in Glades County pursuant to the information still pending.
However, in this case respondent has shown that petitioner has been adjudged guilty of and sentenced for another crime of escape committed in Jackson County subsequent to the first offense of escape involved here. No attack on that judgment and sentence is herein made. For the subsequent crime petitioner was sentenced to serve two years in the state prison, such sentence to begin at the expiration of the sentence which we have nullified in this *512 opinion. Petitioner must also be detained in custody because of that lawful sentence.
If upon retrial of the first charge of escape the petitioner is resentenced to a term of imprisonment equal to the term originally ordered for such offense, then of course credit should be given to him for the time he has served under the void judgment and sentence; if he is acquitted or is convicted and sentenced to a term less than that already served under the void judgment and sentence, then credit should be given to the petitioner accordingly in the determination of the date of his discharge from the lawful sentence imposed for the second offense. See Helton v. Mayo, 1943, 153 Fla. 616, 15 So.2d 416; Dora v. Cochran, opinion filed in this Court March 7, 1962, 138 So.2d 508.
Accordingly, the petitioner should be remanded to the custody of the respondent.
It is so ordered.
ROBERTS, C.J., and DREW, THORNAL and HOBSON (Retired), JJ., concurring.