146 So.2d 364 (1962)
Earl Vaston KEENE, Petitioner,
v.
H.G. COCHRAN, Jr., Director, Division of Corrections, Respondent.
No. 31754.
Supreme Court of Florida.
November 7, 1962.
*365 Earl Vaston Keene, in pro. per.
Richard W. Ervin, Atty. Gen., and Bruce R. Jacob, Asst. Atty. Gen., for respondent.
ROBERTS, Chief Justice.
This matter is before us by virtue of Earl Vaston Keene's petition for writ of habeas corpus and respondent's return thereto. Our disposition of this cause primarily revolves around whether or not the several trial courts before which petitioner has appeared have complied with the requirements of § 932.38, Florida Statutes, F.S.A., which provides in pertinent part:
"When any minor, not married, may be charged with any offense and brought before any of the courts, including municipal courts of this state, due notice of such charge prior to the trial thereof shall be given to the parents or guardian of such minor, provided the name and address of such parent or guardian may be known to the court, or to the executive officers thereof. In the event that the name of such parent or guardian is not known or made known to the court or executive officer or cannot be reasonably ascertained by him, then such notice shall be given to any other relative or friend whom such minor may designate."
Petitioner, who was born on March 5, 1940, reached the age of 21 years on March 5, 1961. Respondent's return includes thirty (30) exhibits which reflect that petitioner is presently detained in custody pursuant to six (6) sentences totalling twelve (12) years confinement. For ease of understanding, we will discuss said convictions in a chronological fashion.
On January 11, 1957, in Manatee County petitioner was charged in two separate informations with larceny of a 1946 Buick automobile and larceny of a 1955 Chevrolet automobile. Petitioner plead guilty to both offenses, was convicted and sentenced to consecutive sentences of imprisonment of two (2) years and three (3) years, respectively, on April 26, 1957. (See § 921.16, Florida Statutes, F.S.A.). The record clearly reflects that § 932.38, Florida Statutes, F.S.A., was fully satisfied because petitioner's parents received actual, as well as official, notice of the above charges prior to the trial thereof.
On the night of January 14, 1957, while awaiting trial for the automobile thefts mentioned above, petitioner escaped from the Manatee County jail. Petitioner's activities subsequent to his escape led to additional charges of larceny of a 1956 Chevrolet automobile and breaking and entering with intent to commit grand larceny. Petitioner plead guilty to said offenses, was convicted and sentenced to three (3) years imprisonment for the breaking and entering and two (2) years imprisonment for the automobile theft. The two (2) year sentence was to run concurrently with the three (3) year breaking and entering sentence. *366 Although petitioner's trial for the above crimes also took place on April 26, 1957, the record reflects that neither of his parents was given notice of the charges prior to the trial thereof as contemplated by § 932.38, Florida Statutes, F.S.A.
Summarizing, on April 26, 1957, petitioner received two valid sentences totalling five (5) years. Under any view of the facts these sentences have now been fully served. Petitioner is thus being presently detained pursuant to the three (3) year breaking and entering sentence of April 26, 1957, and the concurrent two (2) year sentence of the same date, both of which are invalid because of the trial court's failure to comply with § 932.38, Florida Statutes, F.S.A. We, therefore, conclude that the judgments and sentences for said offenses are null and void and respondent has no lawful authority to hold petitioner pursuant thereto.
As is our custom we direct that the petitioner be released from detention under the void judgments and sentences of breaking and entering to commit grand larceny and larceny of a 1956 Chevrolet automobile; however, petitioner is remanded to the custody of respondent pending appropriate disposition of the aforesaid charges. See Giles v. Cochran, 1961, Fla., 129 So.2d 426, and cases cited therein.
It must be noted that respondent's return also shows that on April 23, 1960, petitioner plead guilty in the Jackson County Circuit Court to larceny of a 1960 twoton Chevrolet truck. Upon his conviction petitioner was sentenced to two (2) years imprisonment, "This sentence to begin at the expiration of the sentence you are now serving in the State Prison of Florida." Petitioner's father was given valid notice of this offense prior to trial in conformity with the statute.
Further, on May 9, 1961, petitioner plead guilty to a charge of breaking and entering with intent to commit petit larceny, was convicted and sentenced to two (2) years imprisonment to begin "from the date of the expiration of term now being served." Notice of this charge was not required because petitioner was twenty-one (21) years of age at the time of the above trial and conviction.
Clearly petitioner must also be detained in custody because of the above described lawful sentences. Upon retrial petitioner should be credited for time served, where appropriate, in the manner outlined in Vellucci v. Cochran, 1962, Fla., 138 So.2d 510, 512.
Accordingly, the petitioner is remanded to the custody of the respondent.
It is so ordered.
TERRELL, THOMAS, THORNAL and O'CONNELL, JJ., concur.