154 So.2d 701 (1963)
Allen B. MICHELL, Sheriff of Broward County, Florida, Appellant,
v.
STATE of Florida ex rel. John Thomas CALLAHAN, Jr., a/k/a Leonard John Hemmerling, Appellee.
No. 3465.
District Court of Appeal of Florida. Second District.
May 24, 1963.
Rehearing Denied July 8, 1963.
*702 Richard W. Ervin, Atty. Gen., Tallahassee, Herbert P. Benn, Asst. Atty. Gen., Miami, Phillip D. O'Connell, State Atty., and Jose A. Gonzalez, Jr., Asst. State Atty., Fort Lauderdale, for appellant.
Ross E. Mowry, Public Defender, Fort Lauderdale, for appellee.
PER CURIAM.
In habeas corpus proceedings in the court below, the appellant, Allen B. Michell, Sheriff of Broward County, was the respondent; the appellee, John Thomas Callahan, Jr. (also known as Leonard John Hemmerling), was the petitioner. The lower court issued the Writ of Habeas Corpus and entered an Order favorable to the petitioner. The respondent appeals.
On April 6, 1962, The County Solicitor of Broward County filed an Information against the petitioner, charging him with the crime of robbery. On April 10, 1962, the petitioner was arraigned before the Court of Record in and for Broward County. He was represented by the County Public Defender. A plea of guilty was entered, and thereupon the Court of Record adjudged the petitioner guilty of the crime of robbery as charged in the Information. On April 19, 1962, the said court sentenced the petitioner to serve one year in the county jail.
Subsequently, on or about May 12, 1962, it came to the attention of the Judge of the Court of Record that the petitioner was a minor and that the provisions of § 932.38, Florida Statutes, F.S.A. had not been complied with. On May 24, 1962, the said Judge, on the Court's own motion, entered an order vacating and setting aside the prior plea of guilty, the adjudication of guilt, and the sentence theretofore imposed upon the petitioner. The County Solicitor filed an amended Information, again charging the petitioner with the crime of robbery. Following the statutory notice to his parents as required by law, the petitioner was again arraigned. He entered a plea of nolo contendere to the charge. At this arraignment, the petitioner was again represented by the County Public Defender. On May 24, 1962, the petitioner was adjudged guilty of the crime of robbery and sentenced to be confined at hard labor in the state prison for a term of seven years.
On June 5, 1962, the Petition for Writ of Habeas Corpus was filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Broward County. The petitioner challenged the legality of his detention under the seven-year sentence. Pursuant to the said Petition, a Writ of Habeas Corpus was issued, commanding the respondent Sheriff to bring the petitioner before the Circuit Court for an inquiry into the cause of the petitioner's detention. Apparently, the petitioner at that time had not yet been transferred to the state prison. The respondent Sheriff moved to quash the Writ on the ground, inter alia, that petitioner's remedy was by appeal, and filed his Return to the Writ of Habeas Corpus. The Circuit Court then entered the Order appealed from. In the said Order, the motion to quash the Writ was denied; the petitioner was remanded to the custody of the respondent; the trial court was directed to vacate and set aside the judgment and sentence of May 24, 1962, and impose a sentence no longer in time than the sentence imposed on April 19, 1962; and upon resentencing the petitioner, the trial court was directed to give the petitioner credit for the time he had served under the judgment and sentence rendered void by the Circuit Court.
We decline to discuss the question of the procedural propriety of the Writ of Habeas Corpus under these circumstances, since the appeal time has now expired and the one-year sentence has been executed. But cf. McGuire v. Cochran, Fla. 1961, 135 So.2d 226.
The ultimate question raised by this appeal may be stated as follows: Was it proper for the trial court, after vacating upon its own motion the prior judgment *703 and sentence for failure of compliance with § 932.38, Florida Statutes, F.S.A. to then impose a sentence greater than that imposed in the original proceedings, following a second adjudication of guilt in the subsequent proceedings wherein the requirements of § 932.38 were met?
The original proceedings wherein the petitioner was sentenced to one year in the county jail[1] were void for failure of compliance with § 932.38, Florida Statutes, F.S.A. See Vellucci v. Cochran, Fla. 1962, 138 So.2d 510; Willis v. Cochran, Fla. 1961, 131 So.2d 728; Giles v. Cochran, Fla. 1961, 129 So.2d 426; Williams v. Cochran, Fla. 1961, 126 So.2d 887; McGuirk v. Cochran, Fla. 1961, 126 So.2d 555; Thompson v. Cochran, Fla. 1961, 126 So.2d 564; Raggen v. Cochran, Fla. 1961, 126 So.2d 145; and Kinard v. Cochran, Fla. 1959, 113 So.2d 843. In all of the cited cases (habeas corpus proceedings in the Supreme Court of Florida), the petitioners had commenced upon the execution of their sentences. In all of the cases, the petitioners were released from detention under the judgments and sentences rendered void, but the Supreme Court in each instance directed that the prisoners be retained in custody pending reprosecution of the charges.
Upon discovering that the petitioner here was a minor at the time of the initial proceedings (and therefore protected by the "notice to parents" requirements of § 932.38, supra), it was the duty of the trial judge to vacate and set aside the prior judgment and sentence. After the filing of the amended Information and after the petitioner's parents were properly notified, it would be proper for the trial judge to accept the plea of nolo contendere, adjudicate the petitioner guilty, and impose sentence. There was no double jeopardy here, for there had been no initial jeopardy, the prior proceedings being null and void. As was stated by the Supreme Court in Tilghman v. Mayo, Fla. 1955, 82 So.2d 136, at 137:
"The very fact that the former judgment was void is the reason that it cannot effectively be pleaded as a basis of former jeopardy. In general, to constitute a proper basis for the claim of former jeopardy a proceeding must be valid, and if the proceedings are `lacking in any fundamental prerequisite which renders the judgment void' they will not constitute a proper predicate for such a claim * * * [citing numerous cases]."
We cannot ascertain from the record why the trial court imposed a seven-year sentence upon the petitioner, after having imposed only a one-year sentence in the void proceedings. But this Court is not at liberty to pass upon that matter. In Stanford v. State, Fla. 1959, 110 So.2d 1, n. 4 at 2, the Supreme Court said:
"In an unbroken line of decisions since Brown v. State, 152 Fla. 853, 13 So.2d 458, we have adhered to the principle that if a trial judge imposes a sentence that is within the limits defined by statute, the only relief is before the parole authorities."
See also Chavigny v. State, Fla.App. 1959, 112 So.2d 910; Le Prell v. State, Fla.App. 1960, 124 So.2d 18; Alspaugh v. State, Fla. App. 1961, 133 So.2d 587. Under the provisions of § 813.011, Florida Statutes, a person convicted of robbery is subject to imprisonment "for life or for any lesser term of years, at the discretion of the court."
Our attention has been directed to the Annotation in 168 A.L.R. 706, wherein is treated the question: "Can a trial court, after the defendant has executed, in whole or in part, a sentence imposed by the court, impose another sentence altering the punishment prescribed in the original sentence?" *704 We recognize the principle, as stated there (p. 707), that a sentence which was validly imposed cannot be increased after the defendant has entered upon the execution of that sentence. However, that principle has no application here, for the initial sentence was not a valid one. It is also true that, as a general rule, where an invalid sentence has been imposed, a court may vacate such invalid sentence and impose any sentence within the statutory limits fixing the penalty for the crime. 168 A.L.R. 719. That principle is not applicable here either. The cases discussed in the Annotation involved situations where a valid conviction had been obtained but the sentence was invalid, illegal, void or voidable because of some defect in the sentencing process or in the sentence itself.[2] In the case at bar there was no valid conviction, the entire proceedings being void  from arraignment through judgment and sentence.
A close analysis of the Tilghman cases reveals that the decisions there have no bearing on the question of whether the trial court may impose a greater sentence after the prior conviction and sentence were vacated and set aside. In 1950, Tilghman was convicted of breaking and entering a store with intent to commit a robbery. He was sentenced to serve a term of twenty years in the state prison. On appeal to the Florida Supreme Court, the judgment of conviction was affirmed. The sentence was not questioned. See Tilghman v. State, Fla. 1951, 51 So.2d 785. Subsequently, upon application of Tilghman, the trial court reduced the sentence of fifteen years because § 810.02, Florida Statutes, F.S.A., provides a fifteen-year maximum sentence for the crime of breaking and entering with intent to commit a felony. This order was affirmed in Tilghman v. State, Fla. 1953, 64 So.2d 555. In February of 1954, by habeas corpus proceedings in the United States District Court, the judgment was vacated, the State conceding that insufficient notice of trial had resulted in the deprivation of Tilghman's right to obtain counsel. The federal court ordered that Tilghman be returned to the state court for prosecution. In October of 1954, Tilghman entered a plea of guilty to the same charge of breaking and entering a store with intent to commit a felony, whereupon the trial court sentenced him to serve ten years in the state prison. (At this point of the Tilghman case there is much similarity to the case at bar: in each case a prior conviction and sentence were set aside as void; in each case the trial court re-adjudicated the defendant guilty and passed sentence. Here the similarity ends: Tilghman received a lighter sentence than that imposed in the void proceedings; whereas the petitioner here received a greater sentence than before.) Tilghman filed a petition for writ of habeas corpus in the Supreme Court of Florida, claiming that judgment upon the aforesaid plea of guilty, entered after a prior conviction for the same offense had been vacated by the federal district court, placed him in double *705 jeopardy. As we have mentioned above, the Supreme Court held there was no double jeopardy; however, the court agreed with Tilghman that he was entitled to receive full credit for the time which he served under the void sentence, along with the gain time he had earned. Tilghman v. Mayo, Fla. 1955, 82 So.2d 136. The Supreme Court's mandate (82 So.2d 137) ordered "that the writ heretofore issued must be, and it is hereby, quashed and the petitioner remanded to the sheriff of Polk County with directions to the trial court to vacate the sentence and upon resentence of the petitioner to take into account the time already served, plus his earned gain time." (It should be noted that the Supreme Court was sending the cause back to the trial court for resentencing only, there being no question that a valid conviction had been obtained. Thus, the Tilghman case at this point also is distinguishable from the case at bar.) Tilghman was returned to the trial court, whereupon he was sentenced to fifteen years in the state prison. Pursuant to the Supreme Court's mandate, the trial court of course allowed Tilghman credit for the time previously served under the void sentences, plus his earned gain time. Tilghman again brought habeas corpus proceedings in the Supreme Court, challenging, inter alia, the legality of his detention under the fifteen-year sentence. He requested the Supreme Court to enter an order directing the trial judge to vacate the fifteen-year sentence and resentence him to the original ten-year term with credit for the time previously served, plus gain time. The Supreme Court refused to disturb the fifteen-year term, holding that the trial court, on resentencing the defendant, could properly impose a longer term of years than was imposed in the previous sentence, the previous sentence having been invalid only for failure to give the defendant credit for time he had served. Tilghman v. Culver, Fla. 1957, 99 So.2d 282. As we have pointed out in our parenthetical statements above, the Tilghman cases are distinguishable from the situation in the instant cause.
Since all of the proceedings which resulted in the petitioner's one-year sentence in the county jail were void, we must conclude that these proceedings have no force or effect upon the trial court in passing the second sentence based upon a valid arraignment and conviction. Thus, the trial court was at liberty to pass any sentence authorized by law, provided, however, that in passing such sentence the petitioner should be allowed credit for the time which he served under the void sentence, plus earned gain time. Tilghman v. Mayo, Fla. 1955, 82 So.2d 136. See also Vellucci v. Cochran, Fla. 1962, 138 So.2d 510, and cases there cited. We find numerous decisions in other jurisdictions authorizing a court to increase a sentence where the prior sentence (and the prior sentence alone) has been declared invalid. E.g., Commmonwealth ex rel. Young v. Day, 1956, 180 Pa.Super. 276, 119 A.2d 559; State v. Weeks, 1949, 5 N.J. Super. 505, 68 A.2d 426; United States v. Bozza, 3rd Cir., 1946, 155 F.2d 592; Bryant v. United States, 8th Cir., 1914, 214 F. 51; King v. United States, 1938, 69 U.S.App.D.C. 10, 98 F.2d 291.
We are not here involved with the principle stated in State ex rel. Rhoden v. Chapman, 1937, 127 Fla. 9, 172 So. 56, to the effect that it is beyond the power of a court of criminal jurisdiction, after the adjournment of the term of court at which a sentence is imposed, to set aside, vacate or annul it or to change it in any substantial respect to the prejudice of the defendant without his consent, unless it is done pursuant to appropriate proceedings for resentence. In the case at bar, all actions material to the case were taken during the same term of court, and the trial court's actions dealt with more than mere sentencing.
The order appealed from is reversed with directions that the Writ of Habeas Corpus be quashed; that the petitioner be delivered to the proper authorities in accordance with the judgment and sentence entered by the *706 Court of Record on May 24, 1962; and that the petitioner be given credit on the seven-year term for the time he has served under the void judgment and sentence, plus gained time, if any, under the seven-year sentence.
It is so ordered.
ALLEN, Acting C.J., SMITH, J., and SANDLER, HARRY N., Associate Judge, concur.
NOTES
[1] Section 922.051, Florida Statutes, F.S.A., would permit the court to sentence the defendant to one year in the county jail instead of in the state prison, so it cannot be said that the initial sentence, standing alone, was unlawful for the reason that it imposed imprisonment in a place unauthorized by law.
[2] In many of the cases the sentence was invalid because the trial court had sentenced the defendant to a term of years (or to pay a fine) not authorized by the statute under which he was convicted. In some cases the sentence was invalid because the defendant was sentenced to imprisonment in a place not authorized by law. In other cases, an indeterminate sentence was imposed contrary to law. Other defects in sentences (found in the Annotated cases and in our own research) include: sentencing the defendant without counsel; failing to ask the defendant if he had anything to say as to why the judgment should not be pronounced against him; imposing sentence when the defendant was not present; clerical errors in the judgment; and various other technical mistakes. Only in the case of State v. O'Keith, 1932, 136 Kan. 283, 15 P.2d 443, did we find a situation where not only the sentence, but the entire proceedings were void. There, it was held that, since the juvenile court had exclusive jurisdiction over the delinquency of minors under the age of sixteen, the district court could vacate and set aside a judgment and sentence which it had many years before imposed upon a minor who had spent several years in prison.