BARKDULL, Judge.
The appellant seeks review of a judgment and sentence entered against him by the trial court, pursuant to a jury verdict finding him guilty of the crime of robbery.
From the record on appeal it appears that on December 17, 1962 the appellant, then a minor of 17 years of age, was arrested and charged with the crime of robbery. On January 8, 1963 he entered a plea of guilty, without his parents being notified of the charges brought against him pursuant to § 932.38, Fla.Stat., F.S.A. Subsequent to the adjudication of guilt but prior to sentencing, the appellant [in response to the court’s inquiry as to whether he had anything to say before sentencing] implicated himself in the commission of the crime. He was then sentenced to an indeterminate ten years. Subsequently, pursuant to the appellant’s petition under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, the judgment and sentence were vacated and he was granted a new trial for failure of the State to comply with § 932.38, Fla.Stat., F.S.A. In re-trying the appellant before a jury upon a plea of not guilty, over obj ection the trial court permitted the court reporter from the first trial to read back the appellant’s statement made before sentencing. The jury returned a verdict of guilty and the trial entered the judgment and sentence appealed herein, sentencing the appellant to fifteen years in the State penitentiary.
The appellant has prosecuted this appeal and has preserved the following points for review: 1. That the trial court erred in permitting into evidence the statement he made in the prior trial after adjudication of guilt but prior to sentencing, which implicated him in the crime charged. 2. That the trial court erred in admitting into evidence testimony of a witness which conflicted with certain documentary evidence adduced by the defendant.
As to the second point, we find no error. As to the first point, we find it was error to admit the statement in the second trial. § 932.38, Fla.Stat., F.S.A., was passed by the Legislature for the purpose of protecting minors, by requiring certain procedural steps to be taken by the State prior to prosecuting for any alleged crime. Admittedly, the requirements of the statute were not met prior to the first trial. The courts of this State have held that a proceeding against a minor is null and void when the requirements of the statute are not met. See: Johnson v. Cochran, Fla.1960, 124 So.2d 488; State ex rel. Fox v. Cochran, Fla. 1961, 126 So.2d 883; Vellucci v. Cochran, *552 Fla.1962, 138 So.2d 510; State ex rel. Roberts v. Cochran, Fla.1962, 140 So.2d 597; Keene v. Cochran, Fla.1962, 146 So.2d 364; Michell v. State ex rel. Callahan, Fla.App.1963, 154 So.2d 701. The Florida Supreme Court, in enunciating the purpose of § 932.38, Fla.Stat., F.S.A., stated the following in Johnson v. Cochran, supra:
* * * * sp *
“ * * * The purpose of the requirement is * * * merely to see that the parent or guardian has the notice and, therefore, the opportunity to come to the assistance of the accused minor. * * *»
'I* sjs 'P
The Supreme Court of Florida stated, in State ex rel. Fox v. Cochran, Fla.1961, 126 So.2d 883, that:
* * * * ❖ *
“The statute in question was obviously enacted as a safeguard to minors accused of crimes because of their youth and inexperience. * * * ”
‡ ‡ ^ *1'
Thus, if the State were permitted to use this confession in the second trial, the harm which § 932.38, Fla.Stat., F.S.A. was designed to prevent would still be present.
Therefore, the first conviction having been a nullity, the use of the post-conviction statement of the appellant in the second trial, for the purpose of evidencing guilt, was error. This is not to say that evidence used in the original conviction could not be re-introduced in a subsequent trial nor to say that it would prevent a longer sentence if convicted as a result of the second trial [see: Irvin v. Chapman, Fla. 1954, 75 So.2d 591; Vellucci v. Cochran, supra; Keene v. Cochran, supra; Michell v. State ex rel. Callahan, supra; § 920.09, Fla.Stat, F.S.A.; 23 Fla.Jur., New Trial, § 93]; but is to say that a statement made subsequent to conviction in the prior proceeding, in an attempt to mitigate sentence, was certainly improper and a denial of the due process to which the appellant was entitled under the statutory and constitutional requirements of this State.
For the reasons stated, the conviction, judgment, and sentence here under review be and the same is hereby reversed, and this cause is remanded to the trial court for the purpose of a new trial.
Reversed and remanded with directions.