PER CURIAM.
The appellant seeks relief from an order denying, without a hearing, his petition filed pursuant to the provisions of Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, seeking to set aside convictions in two cases.
From the record it appears that the trial court in the original proceedings may not have had jurisdiction over the defendant because it is questionable whether the defendant had reached his seventeenth birthday when he was arraigned. The transcript of the arraignment shows that the defendant told the court he was nineteen, which, if true would have given the trial court jurisdiction. However, the record further reveals the following:
“THE CLERK: The defendant Wade is a juvenile and I don’t have an order certifying him over to the Criminal Court.
“THE COURT: He said he was nineteen.
“THE CLERK: We have a note here says he is a juvenile.
“MR. GIGLIO: He told us he has a high school education.
“THE COURT: Well, is his grandmother still in court?
“MR. GIGLIO: She is here, Judge. I can find out.
“THE COURT: Well, find that out. All right, set a trial date, Mr. Powell.
“MR. POWELL: Set that for Thursday, October 29, as to these two defendants.
“MR. GIGLIO : Wade was bom on the 19th of March, 1949.”
Thus it appears from this testimony that Defendant Wade, at the time of this arraignment (September 14, 1964), may have been only fifteen years old. Since it further appears from the record above that there was no order certifying Wade over from juvenile court, the trial court may not have had jurisdiction here, because of the following provisions of the Juvenile Court Act, Fla.Stat., Sec. 39.02, F.S.A.:
“(1) The juvenile court shall have exclusive original jurisdiction of dependent and delinquent children domiciled, living or found within the county or district in which the court is established. * * *
* * * * * *
“(3) If during the pendency of any criminal charge in any other court of the state of Florida or of any city or town therein, against any person presumed to be'an adult, it shall be ascertained that the person is a child, or was a child at the time the offense was committed, that court shall forthwith transfer the case, together with the physical custody of the child and all physical evidence, papers, documents, and testimony, original and duplicate, connected therewith, to the appropriate juvenile court; provided, that this shall not apply to any case certified to that court by the juvenile court judge as provided in subsection (6) of this section. * * *
* * * * * *
“(6) If the judge deems that any child brought into juvenile court as a delinquent child, who is fourteen years of age or older, and who, if an adult, would be charged with a violation of Florida law constituting a felony, should be transferred to the court which would have jurisdiction of the child if the child were an adult, or if any child brought into juvenile court as a delinquent child, and who, if an adult, would be charged with a violation of the laws of Florida, so demands prior to or at the commencement of the hearing before the court, the judge *464 shall enter an order waiving jurisdiction and certifying the case to the court which would have jurisdiction of the child if the child were an adult, and thereafter the child shall be subject to the jurisdiction of the other court as if the child were an adult; * *
Therefore, we determine that it is necessary to remand this case for a hearing to determine the defendant’s age at the time of the offense. See Jones v. Cochran, Fla. 1960, 121 So.2d 657.
There is another point involved, which is that the appellant here, even if he were nineteen, was unmarried and therefore entitled to the protection of the notice to parents statute, Fla.Stat., Sec. 932.38, F.S. A. While this point was not specifically raised below, or specifically argued on appeal, it was inferentially mentioned in the Rule 1 motion. Appellant has no counsel here, and since failure to comply with Fla. Stat., Sec. 932.38, F.S.A., renders a conviction void, see, e. g., Keene v. Cochran, Fla.1962, 146 So.2d 364, this court may notice the error sua sponte. “[A]n appellate court will always consider a fundamental error that is apparent on the face of the record.” Wyche v. State, Fla.App.1965, 178 So.2d 875, 877. From the face of the record it is apparent that while the appellant’s grandmother had actual notice of the charges in Case 61138 (she was present in the courtroom and conversed with the judge during arraignment on September 14, 1964), there were no relatives either present during arraignment or notified of the charges contained in Case No. 61189. The information in this latter case was not filed until seven days after arraignment in the first case, so it cannot be said that the grandmother had actual notice of the second charge by virtue of being present during arraignment of the first charge.
The Florida Supreme Court held in Keene v. Cochran, supra, that convictions were invalidated when the record reflected that a minor’s parents were not given notice of charges of breaking and entering and auto theft, even though the trial for these offenses took place on the same day as a trial for other offenses of which the parents had been properly notified. This court held in Milligan v. State, Fla.App. 1965, 177 So. 2d 75, that it could not be presumed from a silent record that a minor had wilfully given erroneous information regarding his parents’ address; nor could it be presumed that the State could not have otherwise reasonably obtained the information; and that the presence of an attorney did not obviate the necessity for complying with the notice statute. The Keene and Milligan cases, supra, strongly suggest that notice will not be implied from a silent record, which is what appears here, unless, of course, there was, actual notice, which apparently was the case in 61138, but not in 61189. See Ziegler v. State, Fla.App.1965, 180 So.2d 477, where the trial court, on a Rule 1 motion, examined the record and found that the parents or guardian had notice of the proceedings, but the appellate court reversed, saying, “We are not satisfied that such a finding can be made upon a mere examination of this record.”
On remand, therefore, the trial court should also consider, and make a finding as to, whether there has been compliance with Fla.Stat., Sec. 932.38, F.S.A
Accordingly, we reverse and remand this case for further proceedings consistent with the views expressed herein, and without prejudice to appellant’s rights regarding other issues raised by his Rule 1 petition.
SHANNON, Acting C. J., and LILES and HOBSON, JJ., concur.