323 So.2d 581 (1975)
Sammy Lee COLEMAN, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Etc., Respondent.
No. 46779.
Supreme Court of Florida.
December 10, 1975.
Sammy Lee Coleman, in pro per.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for respondent.
OVERTON, Justice.
Petitioning prisoner, by habeas corpus, seeks recalculation of his release date. The respondent has filed a return. The subject matter of his cause is properly in mandamus, and we will treat this petition as seeking the appropriate mandamus relief.[1]
This petitioner was the subject of numerous criminal proceedings. Their chronology is as follows:
(1) In May, 1960, the petitioner was sentenced by the Broward County Court of Record to two concurrent three-year prison terms on two charges of breaking and entering.
(2) The petitioner was released on parole on September 14, 1961, and his parole was revoked in December, 1961.
(3) In December, 1961, the petitioner was sentenced by the Circuit Court for Manatee County to twenty years for armed robbery, to run consecutively to the three-year Broward County sentence set forth in paragraph one. This Manatee County sentence was vacated in February, 1964; although a new trial was ordered, it was never held.
(4) Petitioner escaped on May 31, 1962, and was recaptured on June 3, 1962.
(5) In February, 1963, the petitioner was sentenced by the Leon County Court of Record for two counts of robbery, said sentences being six months to twenty years concurrent with each other but consecutive to the Manatee County robbery sentence. In December, 1963, the two Leon County sentences were vacated and a new trial ordered; one charge was nolle prossed and the petitioner was resentenced in January, 1964, on the other robbery offense to twenty *582 years imprisonment, the sentence to run concurrently with the previous twenty-year sentence from Manatee County.
(6) Petitioner escaped on October 25, 1963, and was recaptured on November 5, 1963.
(7) In November, 1963, petitioner was sentenced by the DeSoto County Circuit Court to three years imprisonment for escape and three years for auto theft, said sentences to be concurrent with each other and consecutive to the six-months to twenty-year sentence from Leon County.
(8) Petitioner was paroled on September 21, 1971, which parole was revoked effective as of July 18, 1973.
The prison time that petitioner served under the void conviction for robbery was credited toward the remainder of his two Broward County breaking and entering sentences. The DeSoto County sentences were served prior to the recommencement of the valid Leon County robbery sentence. The only current sentence applicable to the petitioner is the twenty years imposed on January 27, 1964, for the Leon County robbery.
Petitioner claims that he has failed to receive credit for (a) the time served under the voided Leon County sentence; (b) the time served under the voided Manatee County sentence; and that (c) he is entitled to receive credit for the 21 months spent on parole. The record reflects that he was properly credited with all jail time including the time spent on the voided Manatee County sentence which was credited toward the Broward County sentence. The calculation of the valid Leon County robbery sentence has been properly computed considering all the time spent in custody and the other valid sentences which the petitioner was required to serve. The principles of Brumit v. Wainwright, 290 So.2d 39 (Fla. 1974), and Segal v. Wainwright, 304 So.2d 446 (Fla. 1974), have not been violated in a manner prejudicial to the petitioner.
The contention by the petitioner that time spent on parole should be credited against his sentence is without merit. See Schell v. Wainwright, 322 So.2d 897 (Fla. 1975). Section 947.21, Florida Statutes (1973), governs the situation in this cause. The statute then applicable reads as follows:
"Violations of parole

"A violation of the terms of parole may render the parolee liable to arrest and a return to prison to serve out the term for which he was sentenced. No part of the time he may have been on parole shall in such event, in any manner diminish the time of such sentence." [Emphasis supplied]
This statute was amended in 1974, granting the Parole Commission discretion to give a parole violator credit for time spent on parole.[2] Parole is a privilege, not a right, and there is no constitutional requirement that credit for time spent on parole be applied to an individual's sentence.[3]
It appearing that the release date for the petitioner has been properly computed, the petitioner's application for writ of habeas corpus, being treated by this Court as a request for mandamus, is hereby denied.
It is so ordered.
ADKINS, C.J., and ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(5), Fla. Const.
[2] Section 947.21, Florida Statutes, as amended in 1974 by Chapter 74-112, provides as follows:

"Violations of parole. 
"(1) A violation of the terms of parole may render the parolee liable to arrest and a return to prison to serve out the term for which he was sentenced.
"(2) An offender whose parole is revoked may, at the discretion of the commission, be credited with any portion of the time he has satisfactorily served on parole."
[3] McGinnis v. Royster, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973);

Deese v. Cochran, 139 So.2d 429 (Fla. 1962).