GRIMES, Judge.
On May 5, 1970, appellant was indicted for first degree murder. On May 28, 1970, an information was filed charging appellant with having committed robbery in a separate occurrence. On June 22, 1970, appellant appeared with counsel and entered pleas of guilty to both charges. He was adjudicated guilty on both charges and sentenced to life imprisonment for murder and fifteen years for robbery with the sentences to run consecutively.
While in prison several years later, appellant filed a petition for habeas corpus asserting that he had requested his court-appointed counsel to appeal the judgments and sentences but no appeal had been taken. The Director of the Division of Corrections filed a response which had the effect of admitting the pertinent allegations of the petition. As a consequence, this court entered an order affording appellant the opportunity of a full appellate review pursuant to the authority of Baggett v. Wainwright, 229 So.2d 239 (Fla.1969). The appeals of the two cases were consolidated.
Appellant has raised two points. His contention that the court erred in accepting his pleas without first adequately determining whether the surrounding circumstances reflected a full understanding of the significance of the pleas and their voluntariness is without merit. The record indicates that appellant freely and voluntarily pled guilty to the two crimes and understood what he was doing.
At the time of his convictions, appellant was eighteen years old and, therefore, a minor under the laws existing at that time. There is no indication that he was married. For his second point on appeal, appellant contends that his convictions must be set aside because of the failure of the court to comply with Section 932.38, Florida Statutes (1969), which read as follows:
“932.38 Parent or guardian to be notified before trial of offense against minor; service of notice.—
(1) When any minor, not married, may be charged with any offense and brought before any of the courts, including municipal courts, of this state, due notice of such charge prior to the trial thereof shall be given to the parents or guardian of such minor, provided the name and address of such parent or guardian may be known to the court, or to the executive officers thereof. In the event that the name of such parent or guardian is not known or made known to the court or executive officer or cannot be reasonably ascertained by him, then such notice shall be given to any other relative or friend whom such minor may designate.
(2) The service of notice required by this section to be given to the parent, or guardian or other person provided herein may be made as the service of summons ad respondendum is made; or in the event such parent, or guardian or other person provided herein may be beyond the jurisdiction of the court, then, and in that event, service may.be made by registered mail, or by telegram, and return of such service shall be made by the executive officer of the court in the same manner as returns are made upon summons ad respondendum.”
*792 The substance of this statute has been retained in Section 925.07, Florida Statutes (1975).
Our courts have consistently held that the conviction of a minor must be reversed where the notice requirements of this statute have not been followed. Keene v. Cochran, 146 So.2d 364 (Fla.1962); Thomas v. State, 301 So.2d 487 (Fla.2d DCA 1974); Wade v. State, 184 So.2d 462 (Fla.2d DCA 1966); Milligan v. State, 177 So.2d 75 (Fla.2d DCA 1965); Ziegler v. State, 180 So.2d 477 (Fla.3d DCA 1965). However, since the service provisions are only directory, actual knowledge by the person to be notified is sufficient for purposes of the notice required by the statute. Snell v. Mayo, 84 So.2d 581 (Fla.1956); Holloway v. State, 216 So.2d 248 (Fla.2d DCA 1968).
The only paper in the file purporting to pass as notice is a copy of a letter from the State Attorney notifying Mrs. Leona Harrington of appellant’s arraignment for murder. On the face of the copy of the letter there is a return which recites that the letter was served upon Mrs. Harrington by the sheriff’s office on May 12, 1970, and an acknowledgment of the receipt of the letter which bears the signature of Leona Harrington. This brings into focus the question of whether notice to Mrs. Leona Harrington of the murder charge was sufficient compliance with the statute. Since this matter had never been considered by the trial court, this court, following a procedure analogous to that employed in Wade, remanded the case for evidence on whether the written notice to Mrs. Leona Harrington constituted compliance with the statute on the murder charge and also whether an appropriate representative under the statute had actual notice of either of the charges.
In testimony taken at the hearing on remand, it was developed that there is a notation on the applicable police booking sheets which apparently notes “Mooma” Harrington as appellant’s next of kin. Mrs. Leona Harrington testified that at the time the charges were made appellant’s parents were dead and he was staying with her after having lived in a foster home. Mrs. Harrington spoke of appellant as her adopted child but admitted that she had never formally adopted him through legal proceedings. Mrs. Harrington did not recall having been served with the notice but acknowledged that it was her signature on the copy which is in the court file. She said she knew of the murder charge which was pending against appellant because she read about it in the newspaper. She was not asked whether she knew of the pending robbery charge.
In the absence of any record indicating that notice of the robbery charge was given to an appropriate representative under the statute and with no showing of actual notice, the robbery conviction must be vacated. On the other hand, we believe the record sufficiently reflects compliance with the statute for purposes of the murder conviction. While not technically appellant’s parent or guardian, Mrs. Harrington was certainly performing that function. She was the person who logically should have been notified, and it is reasonable to assume that the state attorney would not have known to notify her unless she had been designated by appellant.
Consequently, the judgment and sentence for murder is affirmed. The judgment and sentence for robbery is reversed, and the case is remanded for further proceedings on the robbery information.
HOBSON, A. C. J., and SCHEB, J., concur.