PER CURIAM.
This appeal is from a summary denial of a motion seeking post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raised three points in the motion. The allegations that the circuit court lacked jurisdiction over him due to his age[1] and that his parents were not notified of the charges against him,[2] if true, would entitle appellant to relief. The trial court, however, failed to either conduct an eviden-tiary hearing or attach portions of the record which refute those two allegations.
Accordingly, we reverse in part the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to the allegations specified, and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the grounds indicated above.[3] To obtain further review, any aggrieved party must appeal the new ruling of the trial court.
The trial judge was correct in denying the appellant’s motion as to the third point raised.
AFFIRMED IN PART, REVERSED IN PART.
HOBSON, A.C.J., and GRIMES and SCHOONOVER, JJ., concur.

. See § 39.02(5), Fla.Stat. (1977).

. See § 925.07, Fla.Stat. (1977); Alexander v. State, 341 So.2d 790 (Fla. 2d DCA 1977).

.See Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982).