GLICKSTEIN, Judge.
Appellant alleges that he was not given credit for time served on an invalidated armed robbery charge, and that an invalid sentence was used to enhance another charge. These allegations are properly raised on a Rule 3.850 motion, Meintzer v. State, 399 So.2d 133, 135 (Fla. 5th DCA 1981).
In Vellucci v. Cochran, 138 So.2d 510 (Fla.1962), an appellant’s conviction was invalidated, and his case sent back for retrial. Florida’s highest court observed that if on retrial appellant was either acquitted or received fewer days than those already served, the time served on this first charge would be applied to a second convic *415 tion on other charges. The same result is implied by Coleman v. Wainwright, 323 So.2d 581 (Fla.1975). Time served on a void conviction had been credited toward two later convictions. Although this was not the issue on appeal, the Coleman court held the time properly credited, implying that the time served on the invalid conviction could be credited to the others. Thus, the allegation that the trial court failed to consider time already served, if true, warrants modification of appellant’s sentence. Similarly, if the court considered the robbery conviction for the purpose of enhancing appellant’s sentence, a change might be appropriate.
Both of appellant’s contentions are questions on which the trial court should make a finding, see Cookish v. State, 416 So.2d 53 (Fla. 4th DCA 1982); Meintzer v. State, 399 So.2d 133 (Fla. 5th DCA 1981). Where such improprieties are alleged, the trial court, in addition, should attach the portions of the record demonstrating that appellant is not entitled to relief, if it summarily denies the motion. Otherwise, it should hold an evidentiary hearing. Jones v. State, 384 So.2d 736 (Fla. 4th DCA 1980); Fla.R.App.P. 9.140(g). We remand with directions that the trial court proceed in compliance with the foregoing requirements.
ANSTEAD, C.J., and DOWNEY, J., concur.