KLEIN, J.,
concurring specially.
I agree with the majority opinion and am writing separately to address two cases cited by appellant. He relies primarily on Lamar v. State, 443 So.2d 414 (Fla. 4th DCA 1984), but he candidly acknowledges that “the opinion is somewhat short on facts.”
Although we cannot determine the relationship of the sentences in Lamar, Lamar relied on Vellucci v. Cochran, 138 So.2d 510 (Fla.1962). In Vellucci the defendant was serving consecutive sentences, the second to begin at the expiration of the first which the court held void. I interpret Vellucci to mean that if a defendant has wrongfully served the first of two consecutive sentences, the time he wrongfully served on the first sentence should be credited to the sentence which was to begin at the expiration of the first sentence. Coleman v. Wainwright, 323 So.2d 581 (Fla.1975), also cited in Lamar, involved a number of sentences which were concurrent and consecutive.
It appears from our opinion in Lamar that we did not have enough information about the defendant’s sentences to determine whether he was entitled to credit. We did not grant any credit in Lamar, but rather remanded for further post-conviction proceedings to clarify the facts.
In the present case, appellant is seeking credit to be applied to a sentence imposed in May, 2000, for a crime which occurred that same year. The sentences which were vacated, and which appellant wrongfully had to serve, were imposed ten years prior to, and vacated five years prior to, the commission of the crime on which the present sentence is based. Although I sympathize with appellant for having been wrongfully incarcerated, it would be contrary to public policy, as the majority opin *686 ion shows, to give him a credit so that his wrongfully served time would be applied to a not-yet-committed crime, i.e., a “get out of jail free” card.