PER CURIAM.
In his petition for writ of habeas corpus filed before us, the petitioner alleged that in a similar proceeding before a circuit court his petition for the writ had been granted but that in the order granting the writ his discharge had been conditioned upon his posting a bond in the amount of $100 guaranteeing “his appearance to answer and abide by the judgement of the appellate court in the event an appeal is made” by the respondent here. Petitioner alleged that he was unable to post the required bond and was therefore still in custody of the respondent.
Because we were doubtful of the authority of the trial court, after his determining that the petitioner was illegally detained, to condition the discharge of the petitioner upon posting of a bond, we issued the writ.
The respondent has filed a return to the writ in which it is pointed out that bond may be required in such circumstances under the provisions of F.S. § 922.03(2), F.S. A. This provision of the statutes authorizes the bond requirement in event of ap *739 peal in circumstances such as found in this case. The return of respondent shows that the respondent has taken an appeal from the order of the trial court which ordered the discharge of the petitioner. In view of these facts and the above mentioned statute the writ must be discharged.
It is to be noted that the constitutionality of F.S. § 922.03(2), F.S.A. has not been attacked in these proceedings and we have not considered nor do we rule on its validity.
For the reasons above expressed the writ of habeas corpus is discharged and petitioner is hereby remanded to the custody of the respondent, without prejudice to his right to secure his release upon posting of bond as provided in the order of the trial court as above mentioned.
It is so ordered.
THOMAS, C. J., and ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.