O’CONNELL, Justice
This court heretofore issued its writ of habeas corpus upon the petition of David Raggen. The respondent, H. G. Cochran, Jr., Director, Division of Corrections, has now filed his return thereto and the cause is before us for determination.
Petitioner was charged with the offense of escape while imprisoned consequent to a felony conviction. To this charge he plead guilty and received a sentence of five years imprisonment, such sentence to begin at the expiration of the sentence he was serving at the time of his escape. Petitioner alleges that he is now serving on this five year sentence, the former sentence having expired; respondent does not contradict this contention.
At the time petitioner committed the offense of escape and at the time of his arraignment thereon, he was a minor. Pie alleged that the State failed to comply with the provisions of Section 932.38, F.S.A., requiring notice to the parents or guardian of a minor when such minor is charged with any offense in any court. He further alleged that the provisions of that section were applicable to him, in that he was a minor who was not nor ever had been married.
Being of the opinion that the provisions of the statute are applicable even though the offense charged against the defendant occurred while the defendant was already imprisoned under a conviction of a prior offense, we ordered the respondent to file a return to the writ. In that return the respondent admits the allegations thereof except that he does not admit that the defendant was never married, having no knowledge thereof. That allegation not being contradicted is consequently taken as true. The respondent recognized that in Kinard v. Cochran, Fla.1959, 113 So.2d *146 843, this Court treated failure of the State to comply with the provisions of Section 932.38, F.S.A. as fundamental violation of rights assured under Florida law. Hence, the respondent stated he committed the cause “to the bosom of this Court for whatever disposition it may feel is consistent with law.”
As in Kinard, we must conclude that failure to comply with the provisions of the statute is fatal and we must, of necessity, order the petitioner discharged from the custody of the respondent, without prejudice to further proceedings in accordance with due process of law.
It is so ordered.
THOMAS, C. J., and ROBERTS, DREW and THORNAL, JJ., concur.