126 So.2d 883 (1961)
STATE ex rel. Fred M. FOX, Relator,
v.
H.G. COCHRAN, Jr., Director of Division of Corrections, Respondent.
Supreme Court of Florida.
February 8, 1961.
Rinchart & Crouch, Tampa, for relator.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
HOBSON, Justice.
This is a case of original jurisdiction wherein the relator has filed a petition for habeas corpus in which he alleges that he is being illegally restrained by the respondent. The writ was issued, and a return has subsequently been filed. The petition, exhibits, and return contain sufficient admitted facts for a determination of the issues raised.
In 1946, the relator, having entered pleas of guilty in the circuit court of St. Johns County, was sentenced to a total of ten years imprisonment for breaking and entering with intent to commit a felony and for armed robbery. The running of his sentence was interrupted in 1953 by the granting of a parole. Shortly after the parole was granted, it appears that the relator violated its provisions by leaving the state. In 1960, he was returned to the State of Florida by the process of extradition. His parole was revoked, and he is presently serving the unserved portion of the sentence imposed in 1946.
It is undisputed that relator was an unmarried minor at the time of the events referred to above. Moreover, both of his parents were deceased. It is alleged by the relator, although denied by respondent, that one H.J. Slagle, of Gastonia, North Carolina, was the legally appointed guardian of the relator at the time of these events. A determination of this disputed point of *884 fact is, however, unnecessary to the denouement of the issues involved.
The relator contends that he is entitled to be released from custody because of the failure of the responsible officials to comply with the provisions of Section 932.38, F.S.A., which is quoted herewith in pertinent part:
"When any minor, not married, may be charged with any offense and brought before any of the courts, including municipal courts, of this state, due notice of such charge prior to the trial thereof shall be given to the parents or guardian of such minor, provided the name and address of such parent or guardian may be known to the court, or to the executive officers thereof. In the event that the name of such parent or guardian is not known or made known to the court or executive officer or cannot be reasonably ascertained by him, then such notice shall be given to any other relative or friend whom such minor may designate."
The respondent admits that no notice was given in compliance with the statute, but contends that such notice was unnecessary because a minor, in order to avail himself of benefits of the statute, has a duty to disclose the name and address of his parents or guardian; and that in this case, the relator did not make any such voluntary disclosure as to the existence of a guardian.
We disagree that the statute implies that it is the duty of a minor to ask that the proper person be notified. On the contrary, we think the statute clearly contemplates that the court has, or the executive officers thereof have a duty to ascertain from the minor, or from other reasonably available sources of information, the names and addresses of the minor's parents. If the minor discloses, as the relator apparently did in this case, that his parents are dead, then it is the duty of the responsible official to inquire as to the existence of a guardian so that he may be notified. If there is no guardian, then the minor must be asked to designate some relative or friend for the purpose of receiving such notice.
None of the alternative procedures were complied with in this case. After it was determined that the relator's parents were deceased, no further effort was made toward notifying anyone, be he guardian, relative, or friend.
The statute in question was obviously enacted as a safeguard to minors accused of crimes because of their youth and inexperience. It would be inconsistent, therefore, to place upon such minors the burden of knowing the provisions of the very statute which was enacted to protect their interests, and of asking to be afforded the benefits thereof. If, of course, the minor, upon being asked to give any of the pertinent information, should willfully withhold such knowledge, or should give false information, he would be in no position to complain of a failure to give notice, if the information could not otherwise be reasonably ascertained. This situation did not, however, arise in the instant case, because no further inquiry was made after it had been established that the relator's parents were deceased.
Since there was a failure to comply with any of the alternatives in the statute, it follows that the relator is entitled to relief under the rule enunciated in Kinard v. Cochran, Fla., 113 So.2d 843. Accordingly, the petitioner must be discharged. However, he shall be retained in custody by the respondent to be by him held and safely kept until the further order of the appropriate court on the charges of the informations pursuant to which he was originally incarcerated. Cash v. Culver, Fla., 122 So.2d 179.
It is so ordered.
THOMAS, C.J., and TERRELL, ROBERTS and DREW, JJ., concur.