126 So.2d 887 (1961)
Norton Doyle WILLIAMS, Petitioner,
v.
H.G. COCHRAN, Jr., Director, Division of Corrections, Respondent.
Supreme Court of Florida.
February 15, 1961.
Norton Doyle Williams, petitioner, in pro. per.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
THORNAL, Justice.
By an original proceeding the petitioner Williams seeks release from the State prison under a writ of habeas corpus because of failure of the trial court to comply with the provisions of Section 932.38, Florida Statutes, F.S.A.
We must determine whether the petitioner is entitled to release account of the failure of the court to notify petitioner's legal guardian of the fact that the petitioner was charged with the offense of escape prior to his trial therefor.
Petitioner Williams has directed to this Court an informal letter contending that his incarceration in the State prison is illegal. We have disregarded the informality and have treated the communication as a petition for a writ of habeas corpus. We required a return. By the return it is clear that on June 24, 1957, petitioner was sentenced to a term of four years in the State prison pursuant to conviction on a felony charge. Thereafter on November 11, 1957, petitioner was sentenced to a term of two years in the State prison pursuant to conviction of the crime of escape. It was provided that the two-year sentence should begin to run at the expiration of the sentence which he was then serving. The return advises us that petitioner completed serving the original four-year sentence on December 12, 1960. He is, therefore, now being detained pursuant to the two-year sentence for the crime of escape. It is admitted that prior to the trial and conviction of the petitioner for the crime of escape there was a total failure to notify his mother, who was his legal guardian, that the charges were pending against him. In view of certain prior decisions of this Court the respondent submits the matter for appropriate disposition by us.
We have held that the crime of escape condemned by Section 944.40, Florida Statutes, F.S.A., is a substantive offense subject to punishment in the manner therein prescribed. State ex rel. Wilson v. Culver, 110 So.2d 674; Melton v. Culver, 107 So.2d 378.
Section 932.38, Florida Statutes, F.S.A., provides in sum that when an unmarried minor is charged "with any offense" *888 and is brought before any of the courts of this state, "due notice of such charge prior to the trial thereof" shall be given to the parents or guardian of such minor. Admittedly, in the instant case no such notice was furnished to the parent or guardian of the accused petitioner when he was charged with the substantive offense of escape. We have held that failure to comply with the provisions of Section 932.38, supra, constitutes a deprivation of statutory due process which will invalidate a conviction following upon such non-compliance. Kinard v. Cochran, 113 So.2d 843. While we are not committed to the doctrine that such notice is an essential of organic due process we are bound to recognize and insist upon compliance with the legislative prescription.
The respondent having admitted non-compliance with the statutory requirement, it is therefore apparent that the subsequent conviction of the petitioner was illegally obtained. We have recently held that such notice must be given preliminary to the trial of an unmarried minor on the charge of escape. Raggen v. Cochran, 126 So.2d 145.
Finding as we do that the petitioner is being illegally restrained of his liberty pursuant to the purported conviction of the crime of escape, he must be released from custody under such judgment. However, he is remanded to the custody of respondent pending appropriate disposition of the aforesaid charge of escape pending against him.
It is so ordered.
TERRELL, Acting C.J., and ROBERTS, DREW and O'CONNELL, JJ., concur.