TERRELL, Justice.
On petition of Ronald Albert Habich writ of habeas corpus was issued by this court April 2, 1962, and return requested.
The return denies that petitioner is unlawfully detained or illegally restrained of his liberty but says that petitioner is held by virtue of a commitment from the Criminal Court of Record of Duval County issued October 6, 1959, subsequent to trial and judgment, a photographic copy of which is attached to the return and made part thereof as Respondent’s Exhibit II.
*6 The said judgment and sentence was predicated on an information filed against petitioner in two counts charging him with breaking and elitering with intent to commit a felony and grand larceny, a photographic copy of which is attached to the return and made a part thereof as Respondent’s Exhibit III and III A.
The return denies so much of petitioner’s allegations challenging his custody as being in violation of Sections 11 and 12, Declaration of Rights, Constitution of Florida, F.S. A., and the Fourteenth Amendment to the Constitution of the United States. To support this allegation Williams v. Cochran, Fla.1961, 126 So.2d 887, is relied on.
The return denies petitioner’s allegation that any responsible official of the State of Florida failed to comply with the mandatory requirements of § 932.38, Florida Statutes, F.S.A., relating to the notification of petitioner’s parents, he being a minor at the time he was indicted and tried. In support of this allegation this court’s attention is directed to petitioner’s exhibit, same being a photographic copy of a letter sent him [petitioner] from the office of the Clerk of the Criminal Court of Record, Duval County, dated February 1, 1962, and reads as follows:
“Ronald Albert Habich
“67712, P-3-5-S
“M. S. B. Box 508
“Raiford, Florida
“Mr. Habich:
“Enclosed please find certified copy of papers requested by you in your letter to us.
“Regarding the notification of your parents, we tried by registered mail to notify your father, to wit: Albert Habich, East Orange, N. J. which was the address you gave the Court. The notice was returned to us undelivered, with the notation that Albert Habich was unlisted in the directory of East Orange and delivery to him with such a vague address was not possible.
“Yours very truly,
“EMORY H. PRICE, CLERK
“CRIMINAL COURT OF RECORD
“BY W. E. MAINS /s/
“W. E. Mains, Deputy Clerk.”
The address in said letter was given by petitioner to the clerk of the criminal court of record as that of his father and every reasonable effort was made by the officers to notify him before the trial. The question of notification of parents in such cases as discussed in Williams v. Cochran, supra, and State ex rel. Fox v. Cochran, Fla.1961, 126 So.2d 883, and other cases, was before the officers whose duty it was to give such notice.
There is attached to the return a photographic reproduction of a letter sent by petitioner’s father September 28, 1959, to the Judge of the Juvenile Court in Duval County, made part of the return as Respondent’s Exhibit IV. The return charges that this letter'should settle any question as to the father of petitioner having notice of the trial. It is noted, however, that this letter was addressed to the juvenile court instead of the criminal court of record.
The return also shows that petitioner voluntarily plead guilty to the charge for which he was tried in open court. In support of this there is attached thereto and made part thereof as Respondent’s Exhibit V, a photographic reproduction of the minute book entry reflecting petitioner’s voluntary plea of guilty. Petitioner does not allege that his plea of guilty was the result of coercion, threats, duress or that anything save and except his own free will was responsible for it. It is quite noticeable that despite his alleged ignorance and inexperience, petitioner assiduously avoids any reference whatever to the fact that he plead guilty. Since petitioner plead guilt}'- of his own free will, there is no reason shown why he should have had counsel. See again Respondent’s Exhibit III A.
*7 In this connection the return directs the court’s attention to a photographic reproduction of petitioner’s classification, identification and information sheet compiled by the authorities at the state penitentiary with petitioner’s cooperation, attached to the return and made a part thereof as Respondent’s Exhibits VI and VI A. Examination of said exhibits shows that not only did petitioner plead guilty to the offense of grand larceny, but he readily admitted his guilt in considerable detail in the “inmate’s version of offense.” It would be pertinent to ask, says the return, what counsel could have done for petitioner under such circumstances.
The return specifically denies petitioner’s allegations or claims that the trial judge failed to inform him of his constitutional rights. The return further alleges that not only was a genuine attempt made by the state to notify petitioner’s parents as the law requires, but that in fact petitioner’s father had actual notice of his impending trial.
The cause came on to be heard by this court on the writ of habeas corpus dated April 2, 1962, and the return of the respondent ; it was referred to the Honorable Charles R. Scott, Judge of the Circuit Court, Fourth Judicial Circuit, Jacksonville, Florida, as commissioner of this court for the purpose of resolving the sole factual question of whether the petitioner, who was fifteen years of age at the time he was tried and convicted of grand larceny, was entitled to the assistance of counsel under the Fourteenth Amendment to the United States, Constitution, and the decisions of this court, and in the event he was, whether he intelligently and understandingly waived such counsel in this case. Carnley v. Cochran, (1962) 369 U.S. 506, 8 L.Ed.2d 70, 82 S.Ct. 884.
Our order appointing Judge Scott as commissioner provided in part:
“Upon the conclusion of such hearings as the commissioner hereby appointed shall deem essential to determination of the factual issues so de- ■' scribed, said commissioner is hereby ! directed to file his report of the evi- ' ; dence adduced before him and his find-. ings thereon in this court.”
Pursuant to his appointment, Judge Scott set the cause for hearing, gave proper notice to all parties concerned of the date and place of said hearing, took ample testimony which he reviewed and has filed his report thereof with this court, including his findings, the pertinent part of which is as follows:
“Your Commissioner accordingly finds that petitioner, due to age, ignorance of law and procedure, and lack of mental capacity to properly understand the full meaning of his plea of guilty to the crime of grand larceny, was illegally adjudged guilty and illegally sentenced.
“Your Commissioner also finds that petitioner’s parents were not notified of his arraignment and sentencing as required under the provisions of Section 932.38, Florida Statutes, and the applicable decisions of this Court. See Williams v. Cochran, 126 So.2d 887, and Kinard v. Cochran [Fla.], 113 So.2d 843.
“Your Commissioner therefore finds that petitioner is being illegally restrained of his liberty pursuant to the illegal judgment and sentence imposed on him on October 6, 1959, and recommends that the plea of guilty and the judgment thereon be vacated and set aside.”
In view of the commissioner’s finding and recommendation as to ignorance of law and procedure and lack of mental capacity to understand the meaning of the plea of guilty to the crime of grand larceny, we are driven to the conclusion that petitioner is being illegally restrained of his liberty under the purported conviction of the crime of grand larceny. He is accordingly ordered re *8 leased from custody under the said judgment. However, he is remanded to the custody of respondent pending appropriate disposition of the aforesaid charge.
It is so ordered.
ROBERTS, C. J., and THOMAS and CALDWELL, JJ., concur.
DREW, J., agrees to judgment only.