177 So.2d 75 (1965)
Arthur L. MILLIGAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 5746.
District Court of Appeal of Florida. Second District.
July 2, 1965.
Rehearing Denied July 29, 1965.
*76 Arthur L. Milligan, in pro. per.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
Appellant seeks review of the denial of his motion for post conviction relief pursuant to the provisions of Criminal Procedure Rule No. 1, F.S.A., ch. 924 Appendix.
Appellant, with counsel, pleaded guilty to breaking and entering and petit larceny. He was adjudged guilty and sentenced to five years imprisonment. At the time of this adjudication and sentencing, appellant was twenty years of age.
Appellant's motion alleged failure of the trial court to comply with the "notice to parents" requirements of Section 932.38, Florida Statutes, F.S.A. The statute provides that when an unmarried minor is charged with any offense, and is brought before any court of this State, "due notice of such charge prior to the trial thereof shall be given to the parents or guardian of such minor." Failure to comply with the provisions of the statute renders the judgment and sentence void. See Michell v. State ex. rel. Callahan, Fla.App. 1963, 154 So.2d 701 and cases cited therein.
The motion was denied, after hearing, on the grounds that (1) notice of the charge was attempted to be served on appellant's father on the basis of information furnished by appellant, but the premises turned out to be an empty house; and (2) appellant was represented by an attorney at arraignment and all subsequent stages of the proceedings.
In support of ground number (1), the State cites us to State ex rel. Fox v. Cochran, Fla. 1961, 126 So.2d 883, wherein the following language appears:
"* * * If, of course, the minor, upon being asked to give any of the pertinent information, should willfully withhold such knowledge, or should give false information, he would be in no position to complain of a failure to give notice, if the information could not otherwise be reasonably ascertained. * * *" At 884.
Justice Hobson, the author of Fox, noted that the situation described in the above language was not presented by the cause before the court. Therefore, what the Supreme Court had to say about willful withholding of information, or the giving of false information, was obiter dictum. We, nevertheless, are of the view that dictum of the highest court of this State, in the absence of a contrary decision by that court, should be given persuasive weight in this court. Accordingly, the willful withholding of information, or the willful giving of incorrect information, concerning the names and addresses of an unmarried minor's parents or guardians, shall constitute an implied waiver of the notice requirements of Section 932.38.
The adoption of this rule, however, does not require an affirmance of this cause as the record before us now stands. The concluding clause of the Fox dictum qualifies the earlier statement with the words, "* * * if the information could not otherwise be reasonably ascertained." This qualification is consistent with the holding in Fox that the statute places a duty on the court, or the executive officers thereof, to pursue reasonable measures in the ascertainment of the needed information.
The order before us contains no finding of fact to the effect that all other reasonably available sources of information had been exhausted, or, for that matter, that any other steps had been taken to notify anybody. The record is also silent on this matter. In addition, the order and the record are silent on whether the incorrect address provided by appellant was an intentional giving of erroneous information. The order relates nothing more than that notice was attempted to be served *77 based on information furnished by appellant, and that the return reflected that the address, where service was attempted, was an empty house. Clearly, a mistake on the part of a minor defendant should not preclude him from raising the notice requirement.
With respect to ground number (2), i.e., presence of counsel, no authority has been cited to us to support the existence of a "presence-of-an-attorney" exception to the rule that lack of notice invalidates the conviction. Our research has not revealed a Florida case on point.
The obvious purpose of Section 932.38 is to furnish a safeguard to minors accused of crimes by requiring that the opportunity be made available for consultation and advice with the individuals, who, society must assume, are those most vitally concerned with the minor's best interests. It can be argued that the presence of an attorney provides greater safeguards for a minor defendant's rights than does the presence of his lay parents. This argument fails, however, to recognize that the attorney's function is to present alternative courses of action, not make decisions. The ultimate decision-making function is to be left to the client. It is here that the need of advice and counsel by the minor's parents or guardians arises.
Thus, we conclude that the presence of counsel at all critical proceedings will not offset, or neutralize, the failure to comply with Section 932.38.
Accordingly, the order appealed is reversed and the cause remanded with instructions that the judgment and sentence be set aside, and the appellant be discharged. Appellant shall, however, be retained in custody pending further proceedings on the charges of the information pursuant to which he was originally incarcerated. State ex rel. Fox v. Cochran, supra; and Cash v. Culver, Fla. 1960, 122 So.2d 179.
ALLEN, C.J., and SHANNON and ANDREWS, JJ., concur.