SWANN, Judge.
The appellant, John Henry Bell, defendant below, seeks review of the summary denial of his motions to vacate judgments and sentences pursuant to Criminal Procedure Rule No. One, F.S.A. ch. 924 Appendix. The defendant was charged by two separate informations several months apart for the crime of grand larceny and the crime of robbery. The defendant was represented by counsel at both arraignments and due to the fact that he was a minor, age 19, he was asked by the clerk and by the court for information concerning the required notification of the defendant’s relatives of the impending trial. At both arraignments the defendant denied that he had any living family. At the first arraignment he admitted, when asked if he had any relatives, that he had a grandmother living in Maryland. The grandmother’s name and address was taken and both the State and defense counsel told the court that she would be notified.
Subsequently, the defendant, on separate occasions, was tried and convicted as charged. The lower court sentenced him in the first case to five years in the State penitentiary. In the second case, the defendant was sentenced to fifteen years in the State penitentiary to run consecutively with the sentence imposed in the first case.
The defendant filed two Rule One petitions with the Criminal Court, collaterally attacking his criminal convictions in both cases and attached to the petitions were-sworn affidavits signed by the defendant’s grandmother, aunt and father; all of which stated that they were never notified of the defendant’s trial in either case. In both Rule One petitions the defendant alleges that he was an unmarried minor at the time of his trials, and that his grandmother, aunt and father were never notified of his trials.
The orders denying relief from both Rule-One petitions are identical and rest on the following grounds:
“That at the time the defendant first came before this Court he stated to the Court that he had no family, either in Dade County or anywhere else; that the-Court therefore had no available information concerning the name and address of any member of the defendant’s family whom the Court could notify.
“That the files and records of this Court show conclusively that the petitioner is not entitled to relief which he-seeks * *
On appeal the State contends that the defendant willfully gave the arraigning-court false information concerning the existence of an immediate family, and he is. therefore in no position to complain of a failure to give notice in compliance with. Section 932.38, Florida Statutes, F.S.A.
*567 The record reflects that the appellant did notify the court that he had a grandmother living at 1234 Elmwood Avenue, Baltimore, Maryland, and gave her name at the time of the first arraignment. Notwithstanding this information, there was a failure to comply with Section 932.38, and the grandmother was not notified; nor was any other relative or friend.
Section 932.38 provides in part as follows :
“When any minor not married, may be charged with any offense and brought ■before any of the courts, including municipal courts, of this state, due notice ■of such charge prior to the trial thereof .•shall be given to the parents or guardian of such minor, provided the name and ■address of such parent or guardian may "be known to the court, or to the executive officers thereof. In the event that the name of such parent or guardian is not known or made known to the court •or executive officer or cannot be reasonably ascertained by him, then such notice shall be given to any other relative or friend whom such minor may designate.”
At the time of the second arraignment, the questions submitted to the defendant were only as to whether he had any “living family”. The court in State ex rel. Fox v. Cochran, Fla.1961, 126 So.2d 883, set forth the requirements of the trial'court -under Section 932.38 as follows:
“We disagree that the statute implies that it is the duty of a minor to ask that the proper person be notified. On the contrary, we think the statute clearly contemplates that the court has, or the executive officers thereof have a duty to ■ ascertain from the minor, or from other reasonably available sources of information, the names and addresses of the minor’s parents. If the minor discloses, as the relator apparently did in this case, that his parents are dead, then it is the • duty of the responsible official to inquire .as to the existence of a guardian so that he may be notified. If there is no guardian, then the minor must be asked to designate some relative or friend for the purpose of receiving such notice.”
It is clear that these requirements were not met by the State at the tme of the second arraignment and the failure to comply with any of the alternatives in the statute is fatal. Kinard v. Cochran, Fla.1959, 113 So.2d 843.
Inasmuch as there has been a failure by the State to comply with the provisions of the statute as set forth in the cases of State ex rel. Fox v. Cochran and Kinard v. Cochran, supra, the convictions of the defendant be and the same are hereby reversed and this cause is remanded to the trial court with directions to grant the defendant new trials in order that the requirements of Section 932.38 might be met.
It is so ordered.