PEARSON, Judge.
The appellant, Melvin Jackson, was tried for the crime of robbery. He was found guilty and sentenced to serve a term of twelve years in the state penitentiary. On this appeal the single point presented urges that the court erred in failing to direct a verdict or grant a new trial because of the failure of the state to comply with § 932.-38, Fla.Stat., F.S.A.
The cited section of the Florida Statutes provides that when an unmarried minor is charged with any offense and is brought before any court of this state, “due notice of such charge prior to the trial thereof shall be given to the parents or guardian of such minor”. Failure to comply with the provisions of the statute renders the judgment and sentence void. See Kinard v. Cochran, Fla. 1959, 113 So.2d 843.
The issue of compliance with the statute has most usually arisen upon petition for post-conviction relief. In such cases for the petitioner to be entitled to relief it has been necessary for him to allege that he was an unmarried minor at the time of his trial. See, e. g., Miles v. State, Fla.App.1965, 174 So.2d 576. In the present instance the point arises upon direct appeal. The record contains no portion of the proceedings had at arraignment except the minute book entries which show that the appellant was arraigned and pleaded not guilty. We are informed by counsel that no fuller record exists. The record does show that the appellant was 20 years old at the time of trial, and it has been *735 supplemented by a certificate of the clerk of the trial court to show that a “Notice to Parent or Guardian” was mailed to a Chicago, Illinois, address. This notice was to appellant’s cousin and was returned marked “No such number”. There is nothing in the record to indicate that the name of a parent or guardian was not known or was not reasonably ascertainable by the court, or by an executive officer of the court.
Upon this state of the record the appellant urges that he is entitled to be discharged from custody because the trial judge should have directed a verdict of not guilty. We do not agree. All the decided cases hold that while a failure to comply with the statute is error and renders the judgment void, such failure does not require a release from custody. See especially State ex rel. Fox v. Cochran, Fla. 1961, 126 So.2d 883, 884.
The second aspect of appellant’s point on appeal is that the trial judge erred in failing to grant him a new trial where the record affirmatively shows that the defendant is a minor but does not affirmatively show that the statute has been complied with. We agree.
Section 932.38, Fla.Stat., F.S.A., does not impose upon a minor defendant a duty to ask that a proper person be notified. Rather, the statute imposes upon the court or the court’s executive officers the duty of ascertaining the names and addresses of the minor defendant’s parents, guardian, relatives, or friends for the purpose of receiving notice of a charge brought against the minor. State ex rel. Fox v. Cochran, Fla.1961, 126 So.2d 883. If the record does not affirmatively show that the court or an executive officer of the court has fulfilled this duty, a minor’s conviction must be reversed. See Milligan v. State, Fla.App.1965, 177 So.2d 75; Bell v. State, Fla.App.1966,188 So.2d 565.
The present record does not affirmatively show that the court or its executive officers fulfilled the duty stated in the Fox case. The judgment of guilty and the sentence are therefore reversed and set aside, and the cause is remanded with directions to grant appellant a new trial.
Reversed and remanded for new trial.
CHARLES CARROLL, C. J., concurs in the judgment.
HENDRY, J., dissents.
Before PEARSON, C. J., and CHARLES CARROLL and HENDRY, JJ.