ON MOTION TO REVIEW ORDER DENYING APPLICATION FOR ADMISSION TO BAIL
PER CURIAM.
Appellees have filed their motion to review an order of the lower court denying their application for bail pending a determination of the State’s appeal of a lower court order vacating and setting aside the judgments and sentences imposed upon ap-pellees which was brought pursuant to Criminal Procedure Rule 1.850, 33 F.S.A.
The appellees herein entered pleas of guilty to charges of first degree murder in the court below on August 17, 1963. Upon such pleas they were adjudicated guilty as charged and were sentenced to death by electrocution. They were represented by counsel at the time their guilty pleas were received by the court and the adjudication of guilt was made. The death penalty was imposed only after a jury was empaneled to determine whether mercy should be given to the defendants. Evidence was received concerning the commission of the crime and the jury declined to recommend mercy. The appellees were represented by counsel at the time of such proceedings before the jury and at the time of imposition of sentence. The judgments and sentences were affirmed by the Florida Supreme Court. See 166 So.2d 131 (1964).
After several unsuccessful efforts to obtain post-conviction relief in state and federal courts by invoking habeas corpus remedies and Criminal Procedure Rule 1 remedies (now C.P.R. 1.850), appellees filed the instant post-conviction proceeding based upon discovery of alleged facts not earlier known to their counsel. After alleging the new grounds, appellees asked *881 for a full evidentiary hearing and the entry of an order vacating the judgments, convictions, and sentences entered against them and for the ordering of a new trial for the petitioners, appellees herein.
Inasmuch as the matters which were alleged were of such character so as to entitle the appellees to a new trial under Criminal Procedure Rule 1.850, if found to be true, a full evidentiary hearing was held lasting for a full week. In due course, the trial judge, Honorable Charles R. Holley, entered his order setting aside and vacating the judgments and sentences as to both of the appellees. An appeal is presently pending in this court to review said order granting to appellees the remedies provided by Criminal Procedure Rule 1.850.
Subsequent to the filing of the notice of appeal herein, appellees made application for admission to bail in the lower court. Said application recited the trial court’s order under Criminal Procedure Rule 1.850 setting aside their convictions and sentences and contended that by virtue of the trial judge’s findings there has been a showing that under Article I, Section 14 of the Florida Constitution, F.S.A., the proof of guilt is not evident and the presumption of guilt is not great so as to entitle the applicants, appellees here, to bail as of right. Upon consideration, the said application for bail was denied by Circuit Judge Fitzpatrick for the stated reason that the applicants for bail were still before the court having entered a guilty plea, which the order on the motion to vacate shows was preceded by a confession which was found not to be coerced and which plea was entered while the applicants for bail were represented by counsel found not to be incompetent, and for the further reason that, in his view, the proof is evident and the presumption is great that the appellees are guilty of the offenses charged to them.
In support of their instant motion asking to be released upon bail pending appeal, the appellees seem to have misapprehended the nature and effect of a motion to vacate judgment and sentence filed pursuant to Criminal Procedure Rule 1.850 as was the case here. The contentions and arguments of the appellees in support of this motion assumes that the effect of Judge Holley’s order was the equivalent of an acquittal. Such is not the case. The wording of the rule under which the proceedings below were initiated delimits the authority of the trial judge in such a post-conviction proceeding. The rule states in pertinent part:
“ * * * If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate(Emphasis added.)
In Milligan v. State, 177 So.2d 75 (Fla. App.2d 1965), the court entertained an appeal from a trial court’s order denying a prisoner’s post-conviction motion to vacate a judgment and sentence on the grounds that the prisoner had been deprived of his rights. After holding that the trial court erred by its order of denial, the appellate court reversed and concluded as follows, at page 77:
“Accordingly, the order appealed is reversed and the cause remanded with instructions that the judgment and sentence be set aside, and the appellant be discharged. Appellant shall, however, be retained in custody pending further proceedings on the charges of the information pursuant to which he was originally incarcerated. State ex rel. Fox v. Cochran, supra [Fla., 126 So.2d 883]; and Cash v. Culver, Fla.1960, 122 So.2d 179.”
Earlier in Cash v. Culver, 122 So.2d 179 (Fla.1960), the Supreme Court, speaking *882 through Justice Thornal, discussed the effect of an order ruling that a conviction was accompanied by a denial of due process and stated at page 187:
“Finding as we do that the ultimate conviction of the petitioner was obtained as a result of a proceeding in which he was denied due process of law because of the deprivation of a reasonable opportunity to obtain counsel of his own choice and to defend through such counsel, he must be discharged from custody under that pretended judgment but he shall be retained in custody by the respondent to be by him held and safely kept until the further order of the Circuit Court, Eighth Judicial Circuit, on the charge of the information pursuant to which he was originally incarcerated. In re Barnes, supra [146 Fla. 12, 200 So. 93]; Chandler v. Fretag, supra [348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4], In sum, the petitioner shall be detained subject to the event of another trial in due course of law.”
So it is then that the effect of Judge Holley’s order vacating the judgments and sentences of the appellees is that they are entitled to a new trial of the charge against them and that pending that trial they shall be detained for trial as held in Cash v. Culver, supra. See also Falagon v. State, 167 So.2d 62 (Fla.App. 1964), to like effect.
We recognize, of course, that the need for a speedy determination of this appeal to ascertain the correctness of the trial court’s post-conviction order is manifest. Therefore, the court will, sua sponte, accelerate this cause and set the same for oral argument at an early date following receipt of appellee’s brief.
Accordingly, the motion for bail is denied.
JOHNSON, C. J., and SPECTOR and RAWLS, JJ., concur.