SWANN, Judge.
Defendant, an unmarried minor who lived with his mother, was charged with a *541 crime. On May 22, 1969, he pleaded guilty to the charge of breaking and entering with intent to commit a misdemeanor. He testified; the court found him guilty as charged but withheld entry of an adjudication of guilt and placed him on probation for two years. The defendant’s mother was not properly notified of these proceedings.
Subsequently, defendant was charged with the crime of breaking and entering an automobile with intent to commit grand larceny and his mother was duly notified of this charge. He entered a plea of guilty to the crime of trespass and the court adjudicated him guilty and imposed sentence.
Defendant was then charged with violation of probation and his mother was present at the hearing on this charge. His probation was revoked and he was adjudicated guilty of breaking and entering with intent to commit petty larceny and sentenced for a term of two years in the State Penitentiary.
Defendant appeals from the last judgment and conviction of sentence and asserts that the state’s failure to comply with the requirements of § 932.38, Fla.Stat., F. S.A., constitutes reversible error. The statute requires that due notice of criminal charges shall be given to the parents of an unmarried minor prior to the trial.
We hold that the proceedings on May 22, 1969 at which the defendant pled guilty and was found guilty constituted the trial in this cause and that the failure of the state to notify the parents of the minor defendant of that charge prior to trial constitutes reversible error. See Kinard v. Cochran, Fla.1959, 113 So.2d 843; Johnson v. Cochran, Fla.1960, 124 So.2d 488; Bell v. State, Fla.App.1966, 188 So.2d 565; Brooks v. State, Fla.App.1966, 183 So.2d 550; and Milligan v. State, Fla.App.1965, 177 So.2d 75.
Accordingly, the judgment and sentence of the defendant, Higginbotham, was null and void because of the failure of the state to comply with § 932.38, Fla.Stat., F.S.A. The judgment and sentence for the crime of breaking and entering with intent to commit petty larceny be and the same is hereby reversed and the cause is remanded for further action consistent herewith.
It is so ordered.