PER CURIAM.
This is an appeal by Edward Romero from a judgment and sentence of the Court of Record for Brevard County, Florida, rendered 17 December 1970. We affirm.
The first point on appeal as stated by the appellant is as follows:
“Whether the sentence and judgment of the court is void because the court tried the minor defendant without notifying his parents pursuant to F.S. 932.38 [F. S.A.].”
The record before this court is totally insufficient to permit a review by this court of the asserted noncompliance with F.S. 1969, section 932.38, F.S.A. (now F.S.1970, section 925.07, F.S.A.). For example, the record before us fails to reveal the appellant’s age or marital status at the time of trial or whether his parent or parents had actual notice of the charge a reasonable time prior to the trial. Because the merits of the issue raised under Point I must rest on factual matters outside the record, our affirmance of the judgment and sentence appealed from shall be without prejudice to the right of the appellant to raise the issue by a motion under Rule 1.850, CrPR, 33 F.S.A.
The second point on appeal as stated in the appellant’s brief is:
“Whether there was sufficient evidence to support a finding of guilt and establish a prima facie case or should a judgment of acquittal have been granted.”
This point relates to the sufficiency of the evidence. The point has not been properly preserved for appellate review because a timely motion for new trial was not made. *138 See Rule 1.590(a), CrPR. Accordingly, with respect to Point II we are required by the presumption of correctness which favors proceedings in the trial court to hold that Point II lacks merit. See State v. Owens, Fla.1970, 233 So.2d 389; State v. Wright, Fla.1969, 224 So.2d 300; and, State v. Contreras, Fla.1969, 227 So.2d 306.
For the foregoing reasons and subject to the foregoing limitation, the judgment and sentence appealed are affirmed.
REED, C. J., and CROSS and OWEN, JJ-, concur.