JOHNSON, Judge.
Appellant seeks reversal of his conviction and sentence imposed after being found guilty by a jury on charges of possession and sale of a barbiturate, for which he was sentenced to serve two years on each count, the sentences to run concurrently.
*115 Five points of appeal are raised by appellant, but we deem it necessary to discuss only two of those points herein.
Appellant contends, and the State agrees, that the trial court erred in imposing separate sentences for the offense of possession and the offense of sale when the record shows that both offenses were a facet or phase of a single transaction. Yost v. State, 243 So.2d 469 (Fla.App.3rd, 1971). We agree. Were this the only error in this proceeding, we would simply reverse the sentence imposed on the possession count and affirm the sentence on the sale count, without the necessity of bringing the appellant before the trial court for re-sentencing. Johnson v. State, 260 So.2d 212 (Fla.App.1st, 1972).
However, it is our opinion that appellant is entitled to a new trial for the reason that the record fails to show compliance with F.S.A. § 925.07, concerning notification to a parent or guardian of charges placed against a minor child. Specifically, said section provides that when an unmarried minor is charged with an offense before any court in this state “notice of the charge shall be given before trial to the parent or guardian of the minor if the name and address is known. If the name and address is not known, notice shall be given to any friend or relative designated by the minor.” Failure to comply with the provisions of said statute renders the judgment and sentence void. Kinard v. Cochran, 113 So.2d 843 (Fla.1959).
The record herein discloses that the appellant was nineteen years old and that he was asked to give the Clerk the name and address of his parents. Appellant apparently gave to the Clerk the name and address of his father and notice was sent to that address, but it was returned marked “Returned for Better Address No such postoffice in State named.” The record does not disclose that further measures were taken by the trial court to ascertain a correct address or the names and addresses of other relatives, friends or a guardian.
The statute in question was enacted as a safeguard to minors accused of crimes because of their youth and inexperience. It does not impose upon a minor defendant a duty to inquire that a proper person be notified. Rather, it imposes upon the court or its executive officers the duty of ascertaining the names and addresses of the minor’s parents, guardian, relatives or friends for the purpose of receiving notice of a charge brought against the minor. Jackson v. State, 224 So.2d 734 (Fla.App.3rd, 1969). A minor’s conviction must be reversed if the record does not affirmatively show that the court fulfilled its duty under § 925.07. Milligan v. State, 177 So. 2d 75 (Fla.App.2nd, 1965); Bell v. State, 188 So.2d 565 (Fla.App.3rd, 1966).
We do not think that the language in State ex rel. Fox v. Cochran, 126 So.2d 883 (Fla.1961), to the effect that a minor would be in no position to complain of a failure to give notice if he willfully withheld or willfully gave false information, is applicable herein for two reasons. First, the above language is conditioned upon the fact that the information could not otherwise be reasonably ascertained. The record before us contains no indication that all other reasonably available sources of information had been exhausted or that any other steps had been taken to notify anybody. Furthermore we seriously doubt that the address obtained from appellant for his father was the result of an intentional or willful giving of false information. As it turned out, only the name of the town (Roseville in lieu of Roosevelt) was erroneous.
We have carefully examined the remaining points of error as alleged by appellant and find them to be substantially without merit.
Inasmuch as the record before us does not affirmatively demonstrate that the court or its executive officers fulfilled the *116 obligations of F.S.A. § 925.07, the judgment and the sentence imposed herein are reversed and set aside, and the cause is remanded with directions to grant appellant a new trial.
Reversed and remanded for a new trial.
CARROLL, DONALD K„ Acting C. J., and RAWLS, J., concur.