OWEN, Judge.
Appellant’s conviction of sale of marijuana was affirmed by this court, Romero v. State, Fla.App.1971, 251 So.2d 137, but without prejudice to appellant’s right to collaterally attack the judgment and sentence for the State’s alleged non-compliance with, F.S., Section 925.07, F.S.A. Subsequently, appellant filed in the trial court a motion under Rule 3.850, RCrP, 33 F.S.A., alleging that at the time appellant was charged with the offense, he was an unmarried minor and that the State had failed to comply with the provision of, F.S., Section 925.07, F.S.A. before trial. The present appeal is from the order denying that motion following an evidentiary hearing.
The record before us reflects without dispute that at the time of the trial appellant was an unmarried minor and that no notice of the charge against him had been given to his parents or guardian, nor did any such person have actual knowledge thereof. The record reflects that the name and address of appellant’s mother, as his legal guardian, could have been reasonably ascertained upon sufficient inquiry. Under case law interpreting the statute, the State *542 had an affirmative duty to reasonably ascertain the names and addresses of the proper person or persons to be notified, and to notify them in compliance with the statute. State ex rel. Fox v. Cochran, Fla.1961, 126 So.2d 883; Jackson v. State, Fla.App.1969, 224 So.2d 734; Milligan v. State, Fla.App.1965, 177 So.2d 75. Under these circumstances, the judgment and sentence is held to be void. The appropriate relief, however, is not to discharge appellant from the crime, but rather to grant him a new trial. Jackson v. State, Fla.App.1969, 224 So.2d 734.
The order denying the motion to vacate is reversed, and this cause remanded with instructions to enter an order vacating the judgment and sentence and granting appellant a new trial.
Reversed and remanded.
REED, C. J., and MAGER, J., concur.