BOARDMAN, Judge.
Appellant, David Leigh King, unmarried and 17 years of age, was charged in a one-count information with the crime of grand larceny in violation of Section 811.-021, Florida Statutes, F.S.A. Upon his plea of guilty, he was sentenced to be committed to the Division of Corrections of the State of Florida for three years with the recommendation that due to his age he be sent to Apalachee Correctional Institution. The trial judge further stated that he would recommend hospitalization and testing at said institution. A timely appeal was filed from the judgment and sentence.
The sole question for our determination is whether the finding by the trial judge that appellant was an emancipated youth was proper and correct. We have very painstakingly scrutinized the record and briefs of the respective parties; oral argument was waived.
At the outset we state that there is absolutely no evidence in the record that the parents of appellant, David Leigh King, were notified of the offense with which their son was charged as provided in Section 925.07, Florida Statutes, F.S.A., (formerly Section 932.38, Florida Statutes). See Williams v. Cochran, Fla.1961, 126 So.2d 887, see also McIntosh v. State, Fla.App.1973, 274 So.2d 23. In the McIntosh case, supra, Chief Judge Mann of this court, in a well-reasoned opinion, stated, stated:
Perhaps the Legislature will change- the law. Until it does, we must follow it. . . .
Appellant testified at the arraignment hearing that he was unmarried and 17 years of age; that he had not seen his parents for approximately 6 months; did not know their whereabouts; had attempted to contact them without success, but that their last known address was 33 Fort Mason Village, Masontown, Pennsylvania, in Green County; that he had been working, supporting himself, for a period of approximately 7 months; that he had been living behind the service station where he was working at the time as a service station attendant; that he left his employment without notifying his employer, taking with him the stolen receipts collected on his night shift.
At the hearing, the assistant state attorney and assistant public defender advised the court that they were of the opinion that the appellant was an emancipated minor. The trial judge determined, as a matter of fact, that appellant was an emancipated minor. The colloquy between the court .and the appellant, who was represented by the assistant public defender, was exhaustive and thorough. The appellant, in our judgment, entered his plea of guilty understandingly and knowingly.
Notwithstanding, we cannot agree with the finding of the trial court that, indeed, the appellant was an emancipated minor for the very cogent reason that the record does not disclose a single *614 shred of corroborative evidence substantiating the testimony of the appellant that his parents could not be located. As a matter of fact, neither the court nor an executive officer thereof, for ought appears the record, attempted to determine the whereabouts of the appellant’s parents. In the circumstances of the case sub ptdice a letter, or even a telephone call, to the last known address of the parents in Pennsylvania might have supplied the missing link, i. e., notification to the parents. The Florida Statute, supra, provides, in effect, that notice of the charge shall be given to the parents or guardian. The failure to comply with the provisions of the statute is, we respectfully state, fatal to the state’s contention here. We believe that the trial court, before finding that appellant was an emancipated minor, should have, at least, attempted to contact appellant’s parents and should not have relied solely and completely upon the stated word of the appellant that he tried to contact them and was unable to do so. The failure to notify the parents of the appellant of the charge against their son constituted reversible error. See Higginbotham v. State, Fla.App.1971, 248 So.2d 540, and the cases cited therein.
Accordingly, for the reasons aforesaid, the judgment and sentence appealed from is reversed and the cause remanded for new trial in accordance with due process of law.
It is so ordered.
MANN, C. J., and HOBSON, J., concur.