HOBSON, Acting Chief Judge.
Appellant, Steven Thomas, entered a plea of nolo contendere to a charge of escape in violation of § 944.40 F.S., was ad *488 judged guilty and sentenced to ten years imprisonment.
On May 1, 1973, when Thomas appeared before the lower court for appointment of counsel, he informed the court that he was 18 years old, had never been married, and that his parents’ names were Mr. and Mrs. James E. Thomas. He gave the court the address of his parents, which was recorded by the court reporter as being 123 North Linville, West Lane, Michigan. The next day Assistant State Attorney Aulls sent the notice required by the provisions of § 925.-07 F.S. to James E. Thomas, 123 North Linville, Westland, Michigan.
On May 15, 1973, at a hearing before the court Mr. Aulls stated that he had sent the required notice to the address in West-land given him by Thomas, but had received no reply or proof that the notice had been received. The trial judge made inquiry into the matter, and was twice assured by Thomas that the notice had been sent to the correct address in Westland. The trial judge found it appeared that reasonable notice had been given to the parents, and upon Thomas’ request, named his attorney as his guardian and postponed arraignment. On May 21, 1973, Thomas entered a plea of nolo contendere, and before accepting the plea, the court questioned him regarding the voluntariness of his plea.
On this direct appeal Thomas’ counsel contends that the State has failed to comply with the notice requirements of § 925.-07 F.S.
The record before us does not show that at the time Thomas entered his plea on May 21, 1973, timely notice had actually been given to his parents; Collins v. Wainwright, Fla.1962, 146 So.2d 97. The State did not produce a return receipt showing the receipt of the notice; Cf. Johnson v. Cochran, Fla.1960, 124 So.2d 488, or any other proof showing that Thomas’ parents had actual knowledge of the charge. Nor was it shown that the court or other responsible official. asked Thomas to designate some relative or friend for the purpose of receiving such notice. The failure to comply with any of the alternatives in the statute renders the judgment and sentence void. Kinard v. Cochran, Fla. 1959, 113 So.2d 843; State v. Cochran, Fla.1961, 126 So.2d 883. A minor’s conviction must be reversed if the record does not affirmatively show that the court fulfilled its duty under the statute. Warren v. State, Fla.App.1st, 1972, 266 So.2d 114.
The judgment and sentence are reversed, and the cause remanded for further proceedings on the information filed against the appellant.
Reversed and remanded.
GRIMES, J., concurs.
BOARDMAN, J., dissents with opinion.