PER CURIAM.
Appellant, State of Florida, appeals a trial court’s order dismissing an information charging appellee-defendant, Freddie Paul Morris, with robbery. We reverse.
On July 31, 1973 the State of Florida filed an information charging appellee-de-fendant, Freddie Paul Morris, with robbery. The defendant was a minor and unmarried on the date the information was filed.
While awaiting trial, the defendant reached majority. Trial was held on January 22, 1974. The jury found the defendant guilty of the robbery charged. The trial court entered judgment accordingly, and imposed sentence. However, upon motion by the defendant, the trial court vacated and set aside the judgment and sentence, and granted the defendant a new trial on the grounds that the state had *729 failed to notify the defendant’s parents of the robbery charge against the defendant.
On the date set for retrial, June 13, 1974, the defendant moved for dismissal of the information on the basis that the state still had not notified defendant’s parents of the robbery charge. After a hearing was held on the matter, the trial court entered an order dismissing the information. It is from this order that the state appeals.
The question submitted for our determination on this appeal is whether the trial court erred in dismissing the information on the grounds that the state failed to give the defendant’s parents notice of the robbery charge against the defendant.
Section 925.07, Florida Statutes 1973, entitled “Parent or guardian to be notified before trial of minor; service of notice; ” provides:
“(1) When an unmarried minor is charged with an offense before any court in this state, including municipal courts, notice of the charge shall be given before trial to the parent or guardian of the minor if the name and address is known
Compliance by the state with this section is required only if the individual charged is an unmarried minor both at the time he is charged and at the time he is tried for the offense charged. See Habich v. Cochran, 148 So.2d 5 (Fla.1962); Collins v. Wainwright, 146 So.2d 97 (Fla.1962); Morgan v. Cochran, 142 So.2d 4 (Fla.1962); Craig v. Cochran, 132 So.2d 196 (Fla.1961); Di Marco v. Cochran, 127 So.2d 674 (Fla.1961); Williams v. Cochran, 126 So.2d 887 (Fla.1961); Tharpe v. State, 273 So.2d 399 (Fla.App.1973); Romero v. State, 251 So. 2d 137 (Fla.App.1971); Henderson v. State, 231 So.2d 231 (Fla.App.1970).
In the instant case, the defendant was an unmarried minor at the time he was charged with robbery. The defendant, however, reached majority prior to June 13, 1974, the date scheduled for his retrial on the robbery charge. Under these circumstances the state was not required to comply with Section 925.07 and give the defendant’s parents notice of the robbery charge against the defendant.[1] The trial court therefore erred in dismissing the information charging the defendant with robbery.
Accordingly, the trial court’s order dismissing the information is vacated and set aside, and the cause remanded for further proceedings.
Reversed and remanded.
OWEN, C. J., and WALDEN and CROSS, JJ., concur.

. We note that the defendant had reached majority prior to his initial trial held on January 22, 1974. Therefore, the state was not required to notify defendant’s parents of the robbery charge prior to that trial. The trial court’s order vacating and setting aside the judgment and sentence and granting the defendant a new trial on the grounds that the state had failed to notify the defendant’s parents of the robbery charge against the defendant before the January 22nd trial was erroneous. The state, however, did not perfect an appeal from this order.