PER CURIAM.
This matter is before the court upon the state’s motion to stay the release of the appellee. The appellee was convicted and sentenced in 1975 for sexual battery. The trial court, on January 9,1981, upon consideration of appellee’s amended motion to mitigate or vacate sentence, modified appel-lee’s life sentence to time served plus three years of probation.
The state contends that under the holding in State v. Pitts, 227 So.2d 880 (Fla. 1st DCA 1969) the trial court has no authority to authorize appellee’s release pending the state’s appeal of the order modifying appel-lee’s sentence. We cannot agree. In our view State v. Pitts held that once an order is entered setting aside a judgment pursuant to Florida Rules of Criminal Procedure 3.850, the defendant is to remain in custody pending the disposition of the state’s appeal and the charges still pending against him, subject to the authority of the trial court to release the defendant on bail.
The appellee sought to have his conviction and sentence vacated pursuant to the provisions of Rule 3.850 alleging in essence that he was illegally arrested and thereafter denied a fair trial. The trial court left appellee’s judgment of conviction intact but modified the sentence as noted, supra.
Under the provisions of Rule 3.850, an appeal from an order entered may be taken “as from a final judgment on application for writ of habeas corpus.” Florida Rules of Criminal Procedure 3.820(b) relating to habeas corpus and custody pending appeal therefrom provides:
(b) Pending a review of a decision discharging a prisoner on habeas corpus, he shall be discharged upon bail, with sureties to be approved as other bail bonds are approved for his appearance to answer and abide by the judgment of the appellate court.
We believe this provision may also apply to a defendant ordered released pursuant to the provisions of Rule 3.850, pending the state’s appeal from the order of release. Also see Donaldson v. Cochran, 117 So.2d 738 (Fla.1960). The proceedings herein do not precisely fit the rule since the appellee was not ordered discharged but rather released on probation. Under these circumstances we feel the trial court’s authority to grant bail is discretionary.
Accordingly, jurisdiction of this cause is hereby remanded to the trial court for a period of 30 days for further proceedings in *364 accordance with the terms of this opinion to determine whether the appellee should be entitled to bail pending disposition of the state’s appeal.
LETTS, C. J, and DOWNEY and AN-STEAD, JJ., concur.