ROTHENBERG, J.
The defendant, Anthony Gonzalez, appeals his conviction and sentence for strong arm robbery under section 812.13(2)(c), Florida Statutes (2011), which was reclassified from a second degree felony to a first degree felony under section 775.087(1)(b), Florida Statutes (2011). We affirm.
The defendant was charged with strong arm robbery under section 812.13(2)(c),[1] a second degree felony. However, pursuant to section 775.087(1),[2] the State sought to reclassify the robbery from a second degree felony to a first degree felony, alleging that in the course of committing the robbery, the defendant committed an aggravated battery upon the victim by dragging her while she was hanging from a vehicle, and in the course of committing *374 the robbery, the defendant used a deadly weapon, a motor vehicle.
In addition to finding the defendant guilty of robbery, the jury also found that the defendant committed an aggravated battery with a deadly weapon in the course of committing the robbery. Based on the jury’s findings, the trial court reclassified the strong arm robbery from a second degree felony to a first degree felony under section 775.087(l)(b). The defendant’s appeal ensued.
The defendant contends that the trial court erred by reclassifying the robbery conviction from a second degree felony to a first degree felony where the robbery statute only allows a weapon enhancement if a weapon is “carried.” In support, the defendant relies on State v. Burris, 875 So.2d 408 (Fla.2004), wherein the Florida Supreme Court held that an automobile cannot be “carried” as a deadly weapon under section 812.1S(2)(a)[3] of the robbery statute so as to allow the robbery conviction to be enhanced to a first degree felony. Burris, 875 So.2d at 415. However, unlike the defendant in Burris, in the instant case, the defendant’s robbery conviction was not enhanced under subsection (2)(a), the weapon enhancement provision provided in section 812.13. Rather, the defendant’s robbery conviction was enhanced under section 775.087(1) which provides for the enhancement of certain felonies, including robbery, when the defendant commits an aggravated battery during the commission of the felony. In this case, it was alleged, and the jury found, that during the commission of the robbery, the defendant committed an aggravated battery with the use of a deadly weapon — the automobile.[4]
In Burris, although the Florida Supreme Court concluded that a robbery cannot be enhanced under section 812.13(2)(a), the weapon enhancement provision contained in the robbery statute, based on the use of an automobile, in dictum, the Florida Supreme Court stated:
[T]he State has other statutory alternatives under which it could charge an offender who uses an automobile or other nonportable weapon during a robbery and injures a victim or bystander. For example, the State could charge such an offender with one count of robbery under section 812.13(2)(c) (enhanced by section 775.087(1))....
Although the dictum in Burris is merely persuasive, see Milligan v. State, 177 So.2d 75, 76 (Fla. 2d DCA 1965) (holding that dictum in a Florida Supreme Court decision, in the absence of a contrary decision by that court, is persuasive authority for Florida appellate courts), we nonetheless conclude that section 775.087(1) can be utilized to reclassify a strong arm robbery from a second degree felony to a first degree felony under the facts of this case and the jury’s finding that the defendant committed an aggravated battery during the commission of the robbery.
As the remaining issues raised by the defendant do not merit discussion, we af *375 firm his conviction and reclassified sentence for strong arm robbery.
Affirmed.

. Section 812.13(2)(c) provides in relevant part: "If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree .... ”

. Section 775.087(1) provides in relevant part:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
[[Image here]]
(b) In the case of a felony of the second degree, to a felony of the first degree.
(emphasis added).

. Section 812,13(2)(a) provides: "If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree ...."

. To prove the crime of aggravated battery relevant to this case, the State was required to prove that the defendant intentionally touched or struck the victim against her will or he intentionally caused bodily harm to the victim, and while committing the battery, used a deadly weapon. A weapon is a deadly weapon if it is used or threatened to be used in a way likely to produce death or great bodily harm. § 784.045, Fla. Stat. (2011).