384 So.2d 736 (1980)
Eddie George JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 80-823.
District Court of Appeal of Florida, Fourth District.
June 11, 1980.
Eddie George Jones, appellant, pro se.
No appearance on behalf of appellee.
*737 BERANEK, Judge.
This is a pro se appeal by the defendant pursuant to Rule of Appellate Procedure 9.140(g), governing appeals from summary denials of Florida Rule of Criminal Procedure 3.850 motions for post-conviction relief. When a trial court denies a 3.850 motion without an evidentiary hearing, Florida Rule of Appellate Procedure 9.140(g) sets the standard for review as follows:
Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing.
The appellate record considered by this court in determining the conclusive demonstration of non-entitlement to relief consists of copies of the defendant's 3.850 motion, the order denying it, and any motions for rehearing and orders on such motions.
To appreciate the appellate procedure under subsection (g) of Rule of Appellate Procedure 9.140, it is necessary to consider the trial court procedure outlined in Rule of Criminal Procedure 3.850. This rule states in relevant part:
If the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief, the motion shall be denied without a hearing. In those instances when such denial is not predicated upon the legal insufficiency of the motion on its face, a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief shall be attached to the order. (Emphasis supplied.)
In the present case, the trial court entered a rather detailed order denying defendant's 3.850 motion without an evidentiary hearing. In doing so, the trial court recited that the "file" had been fully reviewed, but attached no portions of it. As such, the case comes before this Court with a record consisting solely of the defendant's motion alleging ineffective assistance of counsel and the trial court's order denying it. The trial court further noted that the defendant had previously appealed to the Fourth District Court of Appeal, which affirmed without opinion. In ruling on the specific issue of the ineffective assistance of counsel, the trial court found the allegation to be without merit and stated that, "The Fourth District Court of Appeal with the benefit of the entire transcript, by its per curiam affirmations has found against the contention of ineffective representation of counsel." In so ruling, the trial court erred. It is true that the defendant took a prior appeal to this Court which was the subject of a per curiam affirmance issued December 19, 1979. Thereafter, the record on appeal, consisting of the trial transcript and other documents, was returned to the trial court and, we presume, reviewed by the trial court in ruling on the allegation of ineffective assistance of counsel.
It is clear that a criminal defendant cannot initially raise ineffective assistance of counsel on a direct appeal from his conviction. State v. Barber, 301 So.2d 7 (Fla. 1974); Randall v. State, 346 So.2d 1233 (Fla.3d DCA 1977). Instead, the issue should be raised initially in a 3.850 motion before the trial court. We sympathize with the trial judge. In this case, Judge Thomas Coker, Jr., presided over the defendant's trial where he was found guilty, convicted and sentenced. A full appeal was then had before this District Court and Judge Coker's conviction of defendant was affirmed without opinion. Judge Coker, via defendant's 3.850 motion, was then asked to review counsel's effectiveness in a trial he previously presided over and which this Court affirmed. Defendant subsequently appealed Judge Coker's ruling to this Court. Obviously, multiple appeals and post-trial proceedings involving the same conviction are a major cause of the ever-increasing caseload in the criminal system on both trial and appellate levels. Despite this, we are bound to follow the rules cited above as promulgated by the Florida Supreme Court.
In this case, the defendant has made allegations of a factual nature, which, if true, may present a situation involving ineffective assistance of counsel. It is necessary for the trial court to rule on these allegations after an evidentiary hearing and *738 we reverse solely for this reason. Meeks v. State, 382 So.2d 673 (1980). In doing so, we think it worthwhile to quote from the committee note which accompanies Florida Rule of Criminal Procedure 3.850.
The committee perceives that denial of a motion will either be based on the insufficiency of the motion itself or on the basis of the file or record which the trial court will have before it. The proposal provides for a simplified expeditious disposition of appeals in such cases. It is to be noted, however, that in those cases where the record is relied upon as a basis for denial of the motion, it may in exceptional cases involve a substantial record but the advantages of this procedure seem to justify coping with the unusual or exceptional case. It is the opinion of the committee that trial courts will in any order of denial based upon the insufficiency of the motion or on the face of the record, set forth specifically the basis of the court's ruling with sufficient specificity to delineate the issue for the benefit of the appellate courts.
The committee note reflects the effect of the rule in creating additional work for the already heavily burdened trial bench. Despite this, we believe observance of the committee's recommendations is advisable and would have the effect of shortening the inevitable appellate proceedings in the long run. Trial courts have some degree of discretion in the procedure to be employed in considering 3.850 motions. Initially, the facial sufficiency of the motion should be considered in light of subsections (a) through (e) and Rule of Criminal Procedure 3.987. If the motion is facially adequate and not a successive motion, then it should be considered in conjunction with the files and records in the case. If "the motion and the files and records" show conclusively a lack of merit, no evidentiary hearing is necessary and it may be summarily denied. If summarily denied, the portions of the files and records relied upon must be attached to the order. Meeks v. State, supra. If the motion cannot be disposed of in such manner, then the rule requires an evidentiary hearing. At this hearing, the trial court must "determine the issues and make findings of fact and conclusions of law with respect thereto." The order below is reversed and the cause remanded for an evidentiary hearing solely on the issue of ineffective assistance of counsel.
REVERSED AND REMANDED.
HERSEY and HURLEY, JJ., concur.