PER CURIAM.
A jury convicted appellant, Eddie W. Crump, of burglary; and he was sentenced to fifteen years imprisonment. After this court affirmed Crump’s conviction in Crump v. State, No. 78-2066 (Fla.4th DCA May 14, 1980), he filed a pro se motion pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion without holding an evidentiary hearing, attaching pertinent parts of the record or files, or specifically delineating the issues for this court.[1] Crump appeals.
In his motion Crump alleged fifteen errors and all but one “were or could have been raised on direct appeal and therefore are foreclosed in this proceeding for collateral review. Adams v. State, 380 So.2d 423 (Fla.1980); Henry v. State, 377 So.2d 692 (Fla.1979); Sullivan v. State, 372 So.2d 938 (Fla.1979).” Meeks v. State, 382 So.2d 673, 675 (Fla.1980). Although the remaining allegation, ineffective assistance of counsel at trial and on appeal, is subject to our review,[2] it is legally insufficient under Knight v. State, 394 So.2d 997 (Fla.1981). Since we affirm on matters of law, there is no need to remand for the attachments of files or records as required by Rule 3.850. Edwards v. State, 364 So.2d 119 (Fla. 1st DCA 1978).
AFFIRMED.
LETTS, C. J., and DOWNEY and GLICKSTEIN, JJ., concur.

. See Committee Note, 34 Fla.Stat.Ann. 133 (Supp.1982).

. Jones v. State, 384 So.2d 736, 737 (Fla.4th DCA 1980).