416 So.2d 53 (1982)
Dennis Richard COOKISH, Appellant,
v.
STATE of Florida, Appellee.
No. 82-910.
District Court of Appeal of Florida, Fourth District.
July 7, 1982.
Dennis Richard Cookish, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant filed a motion for post-conviction relief pursuant to Rule 3.850, Fla.R. Crim.P., and alleged that his plea had been coerced. The trial court denied the motion without an evidentiary hearing and without appending a portion of the record to justify its action. This court, in turn, relinquished jurisdiction and instructed the trial court "to grant an evidentiary hearing or, in the alternative, to supplement the record on appeal by filing a portion of the record which conclusively shows that the prisoner is entitled to no relief." See Rule 3.850, Fla.R.Crim.P.
Thereafter, the trial court entered a second order which again denied appellant's motion without an evidentiary hearing and without appending a portion of the record. In deference to the trial court, it appears that the court was under the impression *54 that the record of the plea conference was lodged in this court because of an earlier appeal. In fact, however, the record had been returned to the clerk of the circuit court long before the entry of the trial court's second order. Additionally, in its second order, the trial court suggested "that the Clerk, or the Assistant Attorney General supply the [appellate] court with a copy of the plea dialogue... ." With due respect to the trial court, the foregoing fails to satisfy the requirements of this court's order and constitutes an impermissible delegation of the trial court's responsibility. Thus, we are compelled to reverse.
We recognize that compliance with Rule 3.850 can, at times, be an onerous task for the trial court. Indeed, we acknowledged this point in Jones v. State, 384 So.2d 736 (Fla. 4th DCA 1980), where we said:
The committee note reflects the effect of the rule in creating additional work for the already heavily burdened trial bench. Despite this, we believe observance of the committee's recommendations is advisable and would have the effect of shortening the inevitable appellate proceedings in the long run.
Id., at 738; see also LeDuc v. State, 415 So.2d 721 (Fla. 1982). Nonetheless, the rule's requirements are clear; they demand no less than diligent and full compliance.
Since the order on appeal fails to comport with the requirements of Rule 3.850, Fla.R. Crim.P., we are compelled to reverse and mandate the trial court to comply strictly with our order of May 14, 1982. A petition for rehearing will not be entertained.
REVERSED and REMANDED.
LETTS, C.J., and HERSEY and HURLEY, JJ., concur.