PER CURIAM.
The trial court denied defendant’s motion for postconviction relief without an eviden-tiary hearing and without appending portions of the record which demonstrate that the prisoner is entitled to no relief. See Rule 3.850(e), Fla.R.Crim.P. We affirm in part and reverse in part.
Two of defendant’s allegations concern matters which preceded and are wholly unrelated to the entry of his plea. These issues are foreclosed by virtue of the defendant’s plea, Robinson v. State, 373 So.2d 898 (Fla.1979), and, therefore, the trial court properly denied relief on these issues.
On the other hand, two of the defendant’s allegations [grounds one and two] concern matters which involve the voluntary nature of his plea. Such allegations are cognizable under Rule 3.850, Fla.R. Crim.P. and, consequently, the trial court must comply with the strictures of the rule. See LeDuc v. State, 415 So.2d 721 (Fla.1982); Jones v. State, 384 So.2d 736 (Fla. 4th DCA 1980).

Affirmed in part and reversed in part and remanded with instructions.
LETTS, C. J., and HURLEY and DELL, JJ., concur.