PER CURIAM.
This is petitioner’s second appeal from the denial of a motion for post-conviction relief without an evidentiary hearing. On the first appeal, 418 So.2d 464 (Fla.1982), we affirmed in part and reversed in part and remanded with instructions that the trial court “append those portions of the record which demonstrate that the prisoner is entitled to no relief or, in the alternative, to afford the defendant an evidentiary hearing on grounds one and two.” In response, the trial court denied petitioner’s motion for post-conviction relief and appended the transcript of the plea conference which led to defendant’s conviction.
Rule 3.850, Fla.R.Crim.P., indicates that a motion for post-conviction relief may be denied without an evidentiary hearing if “the files and records in the case conclusively show that the prisoner is entitled to no relief.... ” See also Jones v. State, 384 So.2d 736 (Fla. 4th DCA 1980). Given this context, our role is to determine whether the portions of the attached record, i.e., the transcript of the plea conference, satisfy the foregoing standard. We answer in the negative.
Grounds one and two of petitioner’s motion for post-conviction relief assert that his guilty plea was induced by fear resulting from certain alleged statements of defense counsel. It is blackletter law that a plea of guilty “must not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance,” Stovall v. State, 252 So.2d 376, 378 (Fla. 4th DCA 1971), and, therefore, the plea acceptance colloquy normally contains an inquiry as to whether any threats or promises have been made to induce the defendant to plead guilty. The transcript of the plea conference in this case, however, fails to reveal a direct question on the topic of threats or promises. Although the defendant did indicate his satisfaction with defense counsel’s services, we cannot negate the possibility of threats or promises. Therefore, since the record appended to the trial court’s order of denial does not conclusively show that the prisoner is entitled to no relief, we reverse the order on appeal and remand with instructions to conduct an evidentiary hearing on grounds one and two of petitioner’s motion for post-conviction relief.
REVERSED and REMANDED with Instructions.
HERSEY, HURLEY and DELL, JJ., concur.