On Motion For Clarification (in an appeal from denial of a motion for post-conviction relief)

HERSEY, Judge.
Appellant filed a motion for post-conviction relief in the trial court under Rule 3.850, Florida Rules of Criminal Procedure. The order which disposed of the motion recites, inter alia, “having reviewed said motion, the records and files of this case, and having heard the arguments of counsel ...,” the motion is denied. From this order appellant appeals, presumably under Rule 9.110, Florida Rules of Appellate Procedure and pursuant to Rule 3.850, Florida Rules of Criminal Procedure, which provides that “[a]n appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for writ of habeas corpus.”
This is not the correct procedure; therefore, we attempt by this opinion to clarify the situation and to expand upon our previous opinion on a related aspect of this subject in Jones v. State, 384 So.2d 736 (Fla. 4th DCA 1980). In that opinion we explained that unless the motion is insufficient on its face or when considered in light of existing files and records the motion is insufficient there must be an evidentiary hearing; In other words, a hearing at which some evidence is taken. In the present case there was a hearing based solely upon an existing record, the files in the case, and argument of counsel. Under such circumstances summary appeal is available by means of Rule 9.140(g), Florida Rules of Appellate Procedure, rather than a full appeal under Rule 9.110, Florida Rules of Appellate Procedure.
Denial of post-conviction relief may take three postures:
1. The trial court may determine (and the order should so state) that the 3.850 motion is insufficient on its face. Appeal is perfected under Rule 9.140(g), Florida Rules *982 of Appellate Procedure by filing a notice of appeal, in which event the order, the motion itself and any proceedings on rehearing constitute the record on appeal.
2. Where an examination of the papers in the court file together with the original record show that the motion is without merit, it is incumbent upon the trial court as we explained in Jones v. State, supra, to attach to the order “a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief.” Appeal is appropriate under Rule 9.140(g), Florida Rules of Appellate Procedure, and is perfected by filing a notice of appeal. The record on appeal consists of the 3.850 motion, the order with attachments and any motions and orders with reference to rehearing in the trial court.
3. The trial court may afford the defendant an evidentiary hearing in which event appeal of the order denying the motion for post-conviction relief may be had pursuant to Rule 9.110, Florida Rules of Appellate Procedure, which affords a full appeal.
We therefore relinquish jurisdiction for sixty days to permit the trial court to attach to the order “a copy of that portion of the files and records” upon which denial of the 3.850 motion was based. This appeal shall thereafter proceed under Rule 9.140(g), Florida Rules of Appellate Procedure.
BERANEK and WALDEN, JJ„ concur.