ANSTEAD, Chief Judge.
Relying upon this court’s prior opinions in Cookish v. State, 416 So.2d 53 (Fla. 4th DCA 1982) and Jones v. State, 384 So.2d 736 (Fla. 4th DCA 1980), the state seeks to quash an order of the trial court directing the state to show cause in writing why the respondent’s motion for post-conviction relief based on allegations of ineffective assistance of counsel should not be granted. We decline to grant the petition.
Florida Rule of Criminal Procedure 3.850 provides in part:
A prisoner in custody under sentence of a court established by the laws of Florida claiming the right to be released upon the ground that the judgment was *532 entered or that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to enter such judgment or to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or that his plea was given involuntarily, or the judgment or sentence is otherwise subject to collateral attack, may move the court which entered the judgment or imposed the sentence to vacate, set aside or correct the judgment or sentence.,

If the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief, the motion shall be denied without a hearing. In those instances when such denial is not predicated upon the legal insufficiency of the motion on its face, a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief shall be attached to the order. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.
The state takes the position that before the trial court can direct the state to respond to a motion for post-conviction relief the court itself must first exhaustively review all available files and records and make a determination that those materials do not conclusively negate the allegations of the motion. We cannot agree.
The trial court determined that respondent’s allegations of ineffective assistance of counsel, largely predicated on obviously non-record actions or the lack thereof by respondent’s counsel, appeared to state a preliminary basis for relief;[1] and the state was ordered to file a written response showing cause why the petition should not be granted. Instead, the state filed a “Motion to Dismiss” the order to show cause, insisting that the court inspect all the records in the case itself before requiring the state to respond. In response the trial court entered the following order:
The State urges that Rule 3.850 requires the Court to review the files and records in the case to determine whether the Defendant is entitled to relief prior to issuing a Show Cause Order to the State Attorney requiring a response to the motion for post-conviction relief. In support of its position, the State cites cases holding that when the trial court denies a motion for post-conviction relief without requiring a response from the State Attorney it must attach the portions of the record which conclusively show that the Defendant is not entitled to relief, see Cookish v. State, 416 So.2d 53 (Fla. 4th DCA 1982). From these cases the State reasons that the trial court is therefore required to review the record in all cases where motions for post-conviction relief are filed and affirmatively conclude that the files and records in the case support the motion before ordering the State Attorney to respond to the motion.
The Court finds no such requirement in Rule 3.850 and specifically rejects this reasoning. The purpose in requiring the trial court to attach the portions of the record which support an ex-parte denial of the motion is to insure that the motions receive due consideration before they are denied and that the Appellate Court has a sufficient record to review the trial court’s ex-parte denial. It does not follow that the trial court is therefore required to review the entire record *533 in all cases where a motion for post-conviction relief is filed and conclude ex-parte that the motion is well founded prior to requiring a response on behalf of the State. If the State believes that the motion is insufficient, it may file a motion to dismiss or to strike the motion for post-conviction relief.
We agree with the trial court’s observations and order.
Neither of the cases cited by the state, Jones and Cookish, involved the trial court’s authority to direct the state to respond to a motion for post-conviction relief. It is true that both cases did involve this court’s attempt to clarify, for the benefit of the same trial judge, the requirements of Rule 3.850 especially as it pertains to the facilitation of meaningful appellate review of post-conviction proceedings. In Cookish, this court, after having earlier directed the trial court to either conduct an eviden-tiary hearing or attach portions of the record supporting a denial of defendant’s claim, again reversed an inadequate order and explained an apparent misunderstanding on the part of the trial judge that the record upon which the trial judge was apparently relying was not on file in this court as the result of an earlier appeal. If anything, the Cookish decision, by directing the court to either conduct an eviden-tiary hearing or attach portions of the record, is contrary to the state’s position here that an exhaustive review of the record by the trial court must always precede an evidentiary hearing and the obvious participation of the state therein, since an evidentiary hearing was directed without mandating a prior examination of the record.
In Jones, the same trial judge who was involved in Cookish denied a motion based upon allegations of ineffective assistance of counsel explicitly upon the basis of record activities but failed to attach those portions of the record to the order denying relief as expressly required by Rule 3.850. Once again the opinion of this court reflected an effort to resolve a misunderstanding as to proceedings under Rule 3.850 and appellate review thereof. It is true that this court noted that the trial court may, in some instances, have to review the record and attach portions thereof to orders denying relief. After noting the trial court’s erroneous assumption that the issue of ineffective assistance of counsel had been resolved in an earlier appeal, this court concluded that the defendant had made allegations of ineffective assistance of counsel which required an evidentiary hearing. The net result of the Jones decision, however, was that an evidentiary hearing was directed to be held on the allegations of ineffective assistance of counsel, notwithstanding that the trial court had detailed record matters justifying the denial of the motion and that this court had no opportunity to review those record matters. Again, as in Cookish, this ruling is actually contrary to the state’s contention here that its participation in post-conviction relief proceedings cannot be required until and unless the trial court first exhaustively examines the record.
We agree that Rule 3.850 attempts to simplify the procedures for considering applications for post-conviction relief and to minimize the use of our full-blown adversary system in resolving the issues raised in such an application. The rule does contemplate that the trial court itself, usually without the intervention of counsel for either side, since most such petitions are filed by the defendant personally, consider the sufficiency of the allegations to state a cause of action for post-conviction relief. Many times the trial court will be able to quickly determine whether the allegations are facially inadequate, as in the case, for instance, when issues are raised that could and should have been raised on direct appeal; or adequate, as in the case where ineffective assistance of counsel is alleged in accord with the decision in Knight v. State, 394 So.2d 997 (Fla.1981). In addition, the allegations of the petition may be such that the trial court, especially when the same trial judge who tried the case considers the petition, may, by review and reference to the record, quickly determine the validity of the allegations. For in *534 stance, a defendant may assert that his plea of guilty was involuntary because he was never informed of the consequences of the plea. A quick examination of the transcript of the plea hearing may directly refute this allegation and, when copies of the plea transcript are attached to the order denying relief, also furnish an appellate court with the means to properly review the actions of the trial court.
Notwithstanding that the trial court may determine the adequacy of the petition or the merits thereof in the ways just outlined, there will be instances, especially in claims alleging ineffective assistance of counsel in ways not easily determinable by a quick review of the record, where the trial court, after determining that the petition is facially sufficient, may properly require the state to respond to the petition before actually directing an evidentiary hearing. Indeed, this requirement may result in the disclosure of information or assertions by the state that will make an evidentiary hearing unnecessary. Likewise such a procedure may narrow or sharpen the issues to be resolved at a hearing and thereby facilitate their prompt resolution. We must not lose sight of the fact that we have an adversary system of justice as opposed to an inquisitorial system that is prevalent in the civil law nations where the courts have a great deal more responsibility in both the investigation and trial of the cases. Under our system, even in its modified form under Rule 3.850, the court must rely on the parties to initiate the proceedings, make the assertions and counter-assertions of law and fact, and present to the court the evidentiary basis for those assertions.
Unless its authority is specifically restricted, a court has the inherent power to require the participation of the parties in the resolution of the issues before the court. We do not believe the provisions of Rule 3.850 were intended to restrict this authority in the manner now suggested by the state. Indeed, the state, as the one that investigated, initiated, and prosecuted the case against the defendant, should be in the best position to respond to the merits of defendant’s claims. The state is in no position to complain when it is called upon to perform its primary responsibility under this system to respond to the defendant’s assertions in such a way that the trial court can resolve the matter in a just and proper manner.
In the case at hand we do not believe the trial court erred in not examining the record before requiring the state to respond. Accordingly, we deny the state’s petition for writ of certiorari.
HERSEY and HURLEY, JJ., concur.

. It was alleged in detail that the respondent could factually refute virtually all of the state’s allegations of securities fraud and that respondent wanted to testify and do so but that his counsel unilaterally decided respondent would not testify, without consulting with respondent. In addition, detailed allegations were made concerning counsel’s failure to interview certain critical witnesses and investigate or acquire certain critical evidence before trial. One of the complaints by the state to having to respond to the motion was that numerous discovery depositions would have to be taken to determine the validity of respondent’s allegations.