PER CURIAM.
The trial court denied defendant’s motion for post-conviction relief without conducting an evidentiary hearing and without attaching “a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief....” Rule 3.850, Fla.R.Crim.P. Normally, we would be compelled to reverse and remand with instructions to conduct an evidentiary hearing on all issues because of the trial court’s failure to comply with the dictates of the rule. See Cobb v. State, 424 So.2d 980 (Fla. 4th DCA 1983); Jones v. State, 384 So.2d 736, 738 (Fla. 4th DCA 1980). In the case at bar, however, three of the grounds asserted by the defendant either were raised, or could have been raised, on direct appeal and, therefore, cannot serve as a basis for collateral attack. O’Callaghan v. State, 461 So.2d 1354 (Fla.1984). The remaining ground — a claim of ineffective assistance of counsel— could not have been asserted on direct appeal. Since the allegations are legally suf *304 ficient to warrant an evidentiary hearing, the trial court erred by failing to conduct such a hearing.
Accordingly, the order on appeal is affirmed in part and reversed in part and the cause is remanded with instructions to conduct an evidentiary hearing on defendant’s claim for ineffective assistance of counsel.
HERSEY, C.J., and ANSTEAD and HURLEY, JJ., concur.